Workmen's Compensation Appeal Board and Paul Frederick Shistle *v.* Frank Cicioni, Appellant.

Submitted on briefs, February 4, 1977, to Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Leonard G. Schumack,* for appellant.

*Frank L. Tamulonis, Jr.,* with him *Zimmerman, Lieberman & Derenzo,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, March 22, 1977:

This is an appeal from a decision of the Workmen's Compensation Appeal Board (Board) which determined that neither a referee nor the Board itself has authority under The Pennsylvania Workmen's Com-

pensation Act[1] (Act) to decide a controversy between an employer and his insurance carrier over the alleged cancellation of the employer's policy.

After a hearing on a workmen's compensation claim petition filed by one of the appellant's employes, the referee had ordered the Rockwood Insurance Company (Rockwood) to pay compensation to the employe. Rockwood appealed this decision because it had received no notice of the hearing, and the Board remanded the case to give Rockwood the opportunity to defend. Rockwood then presented evidence at the remand hearing to substantiate its contention that it had cancelled the policy, but the referee made specific findings relevant to this alleged cancellation and concluded that Rockwood had no legal right to cancel the coverage. Consequently, the referee issued a new order again directing Rockwood to pay compensation to the employe.

On appeal to the Board, Rockwood raised the question of whether or not the referee had jurisdiction to decide the cancellation issue, and, in addition, challenged the decision as being unsupported by competent evidence. Without reviewing the evidence, the Board vacated the referee's findings concerning the cancellation of the policy and modified the order to impose liability for payment on the appellant. This appeal was brought solely on the issue of whether or not the Board correctly determined that the compensation authorities have no jurisdiction to decide insurance policy disputes.

Apparently both parties and the Board have overlooked the case of *Levan v. Pottstown, Phoenixville Ry. Co.*, 279 Pa. 381, 124 A. 89 (1924), in which our Supreme Court affirmed a referee's determination that an insurance carrier was liable for the payment

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

of workmen's compensation despite its contention that the policy had been cancelled. Moreover, subsequent cases have cited *Levan, supra,* for the proposition that the general question of the liability of an insurer under a workmen's compensation policy is within the jurisdiction of the compensation authorities. *See e.g., Eldridge v. Blue Ridge Textile Co., Inc.,* 160 Pa. Superior Ct. 578, 52 A.2d 339 (1947); *Nilsson v. Nepi Brothers,* 138 Pa. Superior Ct. 107, 9 A.2d 912 (1939); *Adams v. Brandon,* 111 Pa. Superior Ct. 471, 170 A. 391 (1934); *Koch v. Boalsburg Water Co.,* 23 D. & C. 2d 272 (1960).

The Board here committed an error of law when it vacated the referee's findings on an issue which was properly within his jurisdiction. We will, therefore, reverse and remand the case to the Board for its determination as to whether or not the referee's findings were supported by competent evidence, pursuant to Section 423 of the Act, 77 P.S. §854.

### Order

And Now, this 22nd day of March, 1977, the order of the Workmen's Compensation Appeal Board is hereby reversed, and the case is remanded to the Board for its review pursuant to Section 423 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §854.