Rockwood Insurance Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Frank Cicioni Trucking Co. et al., Respondents.

Argued April 6, 1979, before Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Charles W. Elliott,* with him *John P. Thomas,* and *Thomas and Hair,* for petitioner.

*Leonard G. Schumack,* with him *Wilbur H. Rubright,* for respondents.

OPINION BY JUDGE CRAIG, August 15, 1979:

The petitioner in this case is the former compensation carrier of the Frank Cicioni Trucking Company (Cicioni).

After an employee of Cicioni filed a claim petition, the insurer, Rockwood, presented evidence before a referee intended to show that it had cancelled its compensation policy with Cicioni before the date of the injury to the employee.

The insurer presented two issues to the referee. First, it alleged that Cicioni had not specifically paid the premium due on its workmen's compensation policy, but merely made a payment on a running account it maintained through its insurance broker, Insurance Managers and Brokers, Inc. Secondly, it alleged that regardless of the outcome of that factual dispute, it could, upon ten days' written notice to the insured, cancel the policy anyway under a plenary power of cancellation reserved to itself in the policy agreement.

The insurer then presented evidence seeking to establish that it properly complied with the notice of cancellation requirement in the policy and that even if Cicioni had paid the premium on the workmen's compensation policy, Cicioni still owed premiums on other policies with Rockwood, which was the reason for exercising its power of cancellation.

The referee made the following findings of fact on these issues:

4. The defendant, Frank Cicioni Trucking Company, paid in full for the said policy [covering workmen's compensation] from 4/29/72 to 4/29/73, and evidence of payment was shown by cancelled check No. 7985 and also the state-

ment of Insurance Managers and Brokers, Inc., the general broker for Rockwood Insurance Company.

5. The Insurance Managers and Brokers, Inc., bound Rockwood Insurance Company for the agreed coverage from the period of 4/29/72 to 4/29/73, and the contract of coverage was not subject to cancellation either by the Insurance Managers and Brokers, Inc., or Rockwood Insurance Company for the non-payment of insurance premiums on policies other than workmen's compensation.

From that, the referee made these conclusions of law:

3. The Insurance Managers and Brokers, Inc., bound Rockwood Insurance Company for the agreed coverage from the period of 4/29/72 to 4/29/73, and the contract of coverage was not subject to cancellation either by the Insurance Managers and Brokers, Inc., or Rockwood Insurance Company for the non-payment of insurance premiums on policies other than workmen's compensation as the premium was paid in full for the workmen's compensation.

4. Neither the Insurance Managers and Brokers, Inc., nor Rockwood Insurance Company, at the request of Insurance Managers and Brokers, Inc., had the legal right to cancel the coverage for workmen's compensation for Frank Cicioni Trucking Company.

Rockwood appealed these determinations to the Workmen's Compensation Appeal Board (Board). The Board vacated the referee's findings on the cancellation question and imposed the compensation obligation on the employer, addressing only the issue of

whether the compensation authorities have jurisdiction to decide whether an insurance carrier is contractually bound to pay the employer's compensation obligations in a given case.

The sole issue of jurisdiction then came before this court on appeal by the employer and we reversed the Board, holding that the general question of the liability of an insurer under a workmen's compensation policy, including questions as to whether a policy is in force or has been cancelled, is within the jurisdiction of the compensation authorities. *Workmen's Compensation Appeal Board v. Cicioni*, 29 Pa. Commonwealth Ct. 381, 370 A.2d 1256 (1977); *see also, Eldridge v. Blue Ridge Textile Co.*, 160 Pa. Superior Ct. 578, 52 A.2d 339 (1947); *Nilsson v. Nepi Brothers*, 138 Pa. Superior Ct. 107, 9 A.2d 912 (1939).

We then remanded the case to the Board for a determination of whether or not the previously vacated findings of the referee on the cancellation issue were supported by competent evidence under Section 423 of The Pennsylvania Workmen's Compensation Act.[1]

On remand, the Board found the referee's original findings regarding cancellation to be supported by competent evidence.

We agree that the record supports the findings that a payment made by Cicioni in December of 1972 could reasonably be construed as payment of the workmen's compensation insurance policy premium rather than a payment to the general account of the insurance broker which included premiums owing on policies of insurance other than that backing the compensation obligations of the employer. The record also shows that the policy contained no specific provision allowing cancellation for non-payment of premiums on other policies.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §854.

However, a clause in that same policy, made part of the record before the referee, provides that the insurer may cancel, conditioned only upon giving ten days' notice. Under this clause the *reason* for the cancellation would be irrelevant. The Board, in reviewing the referee's conclusions of law on the cancellation issue, observed:

> The referee has also found, apparently as a matter of law, that *once an employer has paid the full premium for a workmen's compensation policy, even though that policy permits cancellation by the insurance carrier,* that *any cancellation* prompted by non-payment by the employer to the agent for premiums due on policies other than workmen's compensation policies, *is ineffective,* so far as removing coverage of the insurance carrier involved for injuries occurring during the term of the policy for which the premium was paid. *We have been presented by no [sic] authority to prompt us to disturb the determination of the referee, with regard to said cancellation.* The referee, did not find whether or not he believed that the cancellation was mailed to the employer, as the policy provides with regard to cancellation, nor did the referee find whether the employer did or did not receive said mailing, or whether he believed or disbelieved that the employer did not know of the cancellation. (Emphasis added.)

The referee, as the Board noted, apparently reached the conclusion that the clause in the insurance policy which provides for a plenary right of cancellation upon ten days' notice had no effect. Our review of the record shows that the insurance company clearly presented as a secondary issue its alleged plenary rights to cancel the policy upon ten days' notice, and

the transcript contains conflicting testimony on the question of whether the insurer properly complied with the notice requirement.

Consequently, the question of the legal efficacy of the clause in the insurance policy has not yet been passed upon by the Board. Moreover, the resolution of that question may depend on resolving the factual question of whether the insurer gave proper notice.

Although the insurer's original appeal to the Board preserved this question of law, the Board, having decided it had no jurisdiction to decide the matter, never addressed it. Our previous remand directed the Board to decide only whether the referee's findings of fact had the support of competent evidence. It made that decision solely on the record, without further testimony, hearing argument on the issue, or requesting submission of briefs.

Therefore, we must once more remand this case to the Board to decide the disputed question of law of whether the insurer's reserved power to cancel on ten days' notice has any legal effect, regardless of the reason for the cancellation, and make or direct any necessary findings of fact to support the conclusion. The Board should exercise its duty under Section 424 of the Act, 77 P.S. §855 to grant a hearing on alleged error of law and direct or make such findings as are necessary in accordance with Section 423 of the Act, 77 P.S. §854 and our decision interpreting that section in *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

ORDER

AND Now, this 15th day of August, 1979, that part of the opinion of the Workmen's Compensation Appeal Board at Docket No. A-71145, dated December 1, 1977 which affirms the conclusions of law of the referee's determination of December 4, 1975 in the same

matter that neither Insurance Managers and Brokers, Inc., nor Rockwood Insurance Company had any legal right to cancel the coverage for workmen's compensation for the Frank Cicioni Trucking Company, is vacated and the case remanded to the Board to exercise its power of review pursuant to Sections 423 and 424 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §§854 and 855.