529 A.2d 62

Robert I. Kerr, Petitioner *v.* Workmen's Compensation Appeal Board (Campbell Company and Commonwealth of Pennsylvania), Respondents.

Submitted on briefs, May 21, 1987, to Judges MAC-PHAIL and COLINS, and Senior Judge NARICK, sitting as a panel of three.

*John R. Seltzer, Mansell & Jamison,* for petitioner.

*Richard E. Flannery, Balph, Nicolls, Mitsos, Flannery & Motto,* for respondent.

OPINION BY SENIOR JUDGE NARICK, July 27, 1987:

Robert I. Kerr (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying Claimant's request for penalties pursuant to The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1601.1. We affirm.

The pertinent facts are as follows. Claimant was employed by Campbell Company (Employer). On August 23, 1979, Claimant filed a petition for benefits alleging a work-related injury on April 15, 1977. The referee awarded benefits at the rate of $199.00 per week. Employer timely appealed the referee's award to the Board and simultaneously requested that a supersedeas pending disposition of the appeal be granted. On December 2, 1980, the Board granted Employer's request for supersedeas as to medical costs but denied the request for supersedeas as to 80% of Claimant's compensation or

$187.00 per week. On June 30, 1981, the referee's decision was affirmed by the Board. Employer, on July 27, 1981, timely appealed to this Court the Board's order awarding benefits and again requested from the Board a supersedeas pending appeal. On August 18, 1981, the Board granted Employer's request for supersedeas as to attorney fees, costs, and medical expenses but denied the request for supersedeas as to 80% of Claimant's compensation. On May 13, 1983, the Commonwealth Court at *Campbell Co. v. Workmen's Compensation Appeal Board (Kerr)*, 74 Pa. Commonwealth Ct. 305, 459 A.2d 904 (1983) affirmed the decision of the Board awarding benefits to Claimant. No further appeal was taken by Employer.

However, prior to the Commonwealth Court's final disposition of Employer's appeal, Claimant on November 2, 1981 filed a petition requesting that Employer be required to pay penalties in the total amount of $18,303.89.[1] In his petition, Claimant contended that due to Employer's actions in making late payments or inappropriate payments, he was forced to sell various items of personal property in order to support and maintain his household and as a result suffered a loss of $18,303.89. Additionally, Claimant alleged that due to Employer's refusal to pay his work-related medical expenses, he was sued by St. Elizabeth's Hospital of Youngstown, Ohio and was required to hire an attorney to defend this lawsuit.[2] Lastly, Claimant requested interest in the amount of $2,445.27 as of July 9, 1984 for the delay in payments caused by Employer.

---

[1] At the time Claimant initiated his claim for penalties, the Board's supersedeas order of August 18, 1981 was still in effect.

[2] We find, after carefully reviewing the entire record, no evidence submitted by Claimant as to the amount of attorney fees expended by Claimant in regard to this civil suit.

The referee denied Claimant's request for personal losses of $18,303.89 and Claimant's request for attorney fees. The referee did grant Claimant's request for interest as of July 9, 1984 in the amount of $2,445.27, with the exception that Employer was entitled to a credit for payments made as of October 1, 1984 in the amount of $1,962.01. This left a balance with respect to interest of $483.26. However, the referee in his order inadvertently failed to credit Employer pursuant to his findings of fact for the $1,962.01 in payments previously paid and awarded Claimant interest and late compensation payments in the amount of $2,445.27 plus a penalty of 10%. The Board affirmed the referee's order with the exception of making the correction, pursuant to the referee's findings of fact, that Employer was obligated to only pay interest in the amount of $483.26. Hence, this appeal by Claimant.

The questions presented for our consideration on appeal are: (1) whether the referee erred in denying Claimant reimbursement for his personal losses in the amount of $18,303.89; (2) whether the referee erred in denying Claimant reimbursement for attorney fees incurred as the result of Claimant's defense of a civil suit against him by a medical service provider; and (3) whether or not the referee erred in denying Claimant reimbursement for mileage to and from his doctor's office or hospital.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of facts are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Claimant contends that the definition of injury as set forth in the Act should include personal losses incurred

as a result of a work-related injury. Initially, we note that the provisions of the Act are remedial in nature and are to be liberally construed with borderline interpretations resolved in favor of the employee. *Workmen's Compensation Appeal Board v. Hartlieb,* 465 Pa. 249, 348 A.2d 746 (1975).

Section 301(c) of the Act, 77 P.S. §411 provides in pertinent part:

> (1) the terms 'injury' and 'personal injury,' as used in this Act, shall be construed to mean an injury to an employe, regardless of his previous physical condition arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated, or accelerated by the injury; . . . The term 'injury arising in the course of his employment,' as used in this article, . . . shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, whereupon which the employer's business or affairs are being carried on . . . (2) the terms 'injury,' 'personal injury,' and 'injury in the course of his employment,' as used in this act, shall include, unless the context clearly requires otherwise, occupational disease. . . .

Thus, injury as defined in the Act includes those injuries which tend to affect the health of an individual. Nowhere does the definition indicate that injury should include anything in addition to injury to the health of an individual.

Black's Law Dictionary 707 (5th ed. 1979) defines the term "personal injury" in "workmen's compensation

acts" to mean "any harm or damage to the health of an employe, however caused, whether by accident, disease or otherwise, which arises in the course of employment, and incapacitates him in whole or in part. The occurrence of disability or impairment. Such includes the aggravation of a pre-existing injury".

In the case at hand, the personal losses Claimant alleges he sustained were (1) he was required to sell personal property in order to maintain his household and (2) he incurred attorney fees in defense of a civil suit against him by a medical service provider. To extend coverage under the Act to non-health related losses of an employee would be to allow coverage which was beyond the scope of the Act as intended by the Legislature. Although the Act is to be liberally construed, this does not include changing the language and purpose of the Act. *Krivosh v. City of Sharon,* 205 Pa. Superior Ct. 498, 211 A.2d 109 (1965). The intent of the Act is to provide for an arrangement between an employer and an employee under which in return for immunity from suit on common law fault grounds, the employer bears the cost of work-related injuries regardless of fault. *See Kline v. Verner Co.,* 503 Pa. 251, 469 A.2d 158 (1983). If the Act were expanded to include losses of a personal nature as alleged herein, a system would be imposed upon employers that would seriously increase the anticipated costs of the workmen's compensation program.

Additionally, we note that although we sympathize with Claimant's position, at the time Claimant initiated his petition for penalties, the delay in payment of medical benefits by Employer in the instant matter was pursuant to a valid supersedeas order issued by the Board.

Lastly, Claimant contends that he is entitled to mileage reimbursement for expenses he incurred in traveling to and from his doctor's office and the hospital where he received treatment. However, we find after a

close review of the record that Claimant did not make such a request in his petition for penalties nor did he ever present this issue to the referee. Accordingly, we are precluded from considering this issue on appeal. 2 Pa. C. S. §703(a).

Therefore, based upon the foregoing discussion, we affirm the order of the Board.

ORDER

AND NOW, this 27th day of July, 1987, the order of the Workmen's Compensation Appeal Board at Docket No. A-90637 is hereby affirmed.