641 A.2d 639

**Tadeusz TARAPACKI, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (DIVERSIFIED CONTRACTING, INC. and New Jersey Re–Insurance Co.), Respondents.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1993.

Decided April 14, 1994.

Reargument Denied May 31, 1994.

John C. Jackson, for petitioner.

Neil T. Dombrowski, for respondents.

Before RODGERS, Senior Judge, and McGINLEY and FRIEDMAN, JJ.

FRIEDMAN, Judge.

In an unpublished opinion dated June 23, 1993, this court affirmed an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's [1] order dismissing a review petition filed by Tadeusz Tarapacki against Diversified Contracting, Inc. (Employer) and its purported workmen's compensation insurer, New Jersey Re–Insurance Company (Insurer). We granted Tarapacki's application for reargument and now vacate and remand.

In 1988, while working for Employer in Philadelphia, Tarapacki was injured in a work-related accident. Tarapacki filed a claim petition and Employer, a New Jersey corporation, filed

---

1. Referees are now called Worker's Compensation Judges under the new amendments to the Worker's Compensation Act effective August 31, 1993. Because this case was before the Referee prior to the effective date of the amendments, however, we will refer to the Referee as such and not as Worker's Compensation Judge.

an answer, indicating merely that it did not have workmen's compensation insurance in Pennsylvania. Following a hearing at which Employer failed to appear, the referee (original referee) specifically found that Employer did not have insurance in Pennsylvania. The original referee also found that Tarapacki had sustained a disabling work-related injury. Based upon these findings, the original referee awarded Tarapacki compensation benefits, a 20% penalty because of Employer's lack of insurance and attorneys fees for an unreasonable contest. Employer did not appeal.

Approximately one year later, Tarapacki filed a review petition, alleging that Employer was insured in Pennsylvania at the time of Tarapacki's injury. At a hearing before a different referee (second referee), Tarapacki introduced, for the first time, a copy of an insurance policy, in effect at the time of his 1988 injury, that Insurer had issued to Employer. Tarapacki also offered the testimony of Sam Sanders, Employer's chief operating officer, who had arranged for Employer's insurance coverage. Sanders testified that when he applied for the insurance, he informed the insurance broker that Employer needed coverage for New Jersey, Pennsylvania and Delaware. Sanders also stated that New Jersey Rehabilitation[2] Insurance sent checks to Employer for Tarapacki's injuries which Employer then forwarded to Tarapacki.

The second referee dismissed Tarapacki's review petition. While specifically stating that he believed Sanders' testimony, the second referee held that because no one appealed the original referee's decision, that referee's finding that Employer did not have insurance coverage in Pennsylvania on the date of Tarapacki's injury was final. The second referee also noted that the evidence which Tarapacki presented at the hearing on his review petition was available prior to the hearing before the original referee. The Board affirmed and

2. Judging by the remainder of the record, it appears that Sanders simply misspoke when he referred to Insurer as the New Jersey Rehabilitation Insurance Company rather than the New Jersey Re–Insurance Company.

Tarapacki appealed to this court.[3]

In an unpublished opinion affirming the dismissal of Tarapacki's review petition, we held that Tarapacki could not relitigate the original referee's finding of fact on a review petition under section 413(a) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 771,[4] particularly where the evidence which Tarapacki sought to introduce before the second referee was available to Tarapacki prior to the hearing before the original referee. Tarapacki filed a timely request for reargument which we granted. Following the submission of a new brief and oral argument, the matter is again ready for our disposition.

■ Tarapacki first argues that the principle of res judicata does not act to make the original referee's factual finding that Employer was uninsured in Pennsylvania binding in any of his subsequent actions. We agree.

In *J & L Steel Corp. v. Workmen's Compensation Appeal Board (Jones)*, 145 Pa.Commonwealth Ct. 201, 208, 602 A.2d 912, 915–16 (1992), we recognized when res judicata would act to make findings of fact in a first proceeding binding in the second, stating:

> For res judicata to bar recovery there must be a concurrence of four conditions: '(1) Identity in the thing sued upon or for; (2) Identity of the cause of action; (3) Identity of persons and parties to the action; and (4) Identity of the quality or capacity of the parties suing or sued.' *McCarthy*

3. Our scope of review is limited to determining if a party's constitutional rights were violated or an error of law was committed and to ascertaining that all necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

4. That section provides:

   A referee of the department may, at any time, review and modify or set aside a notice of compensation payable and on original or supplemental agreement or upon petition filed by either party with the department, or in the course of proceedings under any petition pending before such referee, if it be proved that such notice of compensation or agreement was in any material respect incorrect.
   77 P.S. § 771.

*v. Township of McCandless,* 7 Pa.Commonwealth Ct. 611, 617, 300 A.2d 815, 820 (1973). '[T]here is identity of causes of action when in both the old and new proceedings the subject matter and the ultimate issues are the same.' *Id.,* 7 Pa.Commonwealth Ct. at 618, 300 A.2d at 820 (emphasis deleted).

Here, before the original referee, Tarapacki was suing for compensation benefits, where the material issue was whether Tarapacki had suffered a disabling work-related injury. The only issue before the second referee, however, was whether Employer had workmen's compensation insurance covering employee injuries occurring in Pennsylvania. Because the two proceedings involve different issues, there is no identity in causes of action and, thus, res judicata simply does not apply.

The lack of issue identity is not our only reason for refusing to apply res judicata in this case. We note that in dismissing Tarapacki's review petition, the second referee concluded that Tarapacki, having failed to appeal from the original referee's finding regarding Employer's insurance coverage, was bound by that finding. We must disagree with this reasoning. Even assuming that Tarapacki knew that the finding was erroneous, he could not have appealed to the Board because, under the procedure prescribed by the Act, a claimant can appeal from the referee only if his claim has been disallowed. *Creighton v. Continental Roll & Steel Foundry Co.,* 155 Pa.Superior Ct. 165, 38 A.2d 337 (1944).[5] Here the

5. In *Creighton,* a claimant who sought benefits for work-related silicosis was awarded compensation in conformity with certain findings and conclusions made by the referee. Among these was the "finding" that employer made payments of $150.00 per month to claimant in lieu of compensation. The claimant did not appeal the referee's decision; however, the employer appealed to the Board, arguing, *inter alia,* that the referee erred in awarding compensation because the employer's payments in lieu of compensation far exceeded the Act's limitation on the claimant's total recovery. The Board agreed with the employer and held that the employer had totally discharged its obligation by making payments in lieu of compensation. The claimant then appealed to common pleas court which affirmed the Board, holding that because the claimant had not appealed to the Board from the referee's "finding" that the $150.00 monthly payment was in lieu of compensation, he could not question that "finding" in the court of common pleas.

original referee awarded Tarapacki benefits and penalties; therefore, it would be unfair to hold Tarapacki bound by findings "that he could not question or appeal from, until some body, board or court has ruled against him on an appealable matter." *Id.* 155 Pa.Super. at 173, 38 A.2d at 341.[6]

In our unpublished opinion in this case, we held that a review petition under section 413(a) was not an appropriate means to challenge a finding of fact. Unquestionably, that section speaks only to notices of compensation payable or to agreements concerning compensation rather than to a referee's award. However, after reviewing the entire Act, we must conclude that it *provides no procedure for the present situation;* i.e., where a claimant who has prevailed before the

The Superior Court, in reversing, preliminarily disposed of the argument that the claimant, not having appealed to the Board from the referee's finding, was now bound by that finding. This preliminary argument was based upon *Nesbitt v. Vandervort & Curry,* 128 Pa.Superior Ct. 58, 64–65, 193 A. 393, 396 (1937), where the court stated:

A failure to except to specific material findings of fact of the referee in an appeal to the board is tantamount to an acceptance of, or acquiescence in, those findings, and objection cannot afterwards be taken, on appeal from the board to the common pleas, to findings of fact of the referee *not questioned on the appeal to the board.* (Emphasis added in *Creighton,* 155 Pa.Superior Ct. at 172, 38 A.2d at 340.)

The court in *Creighton* rejected *Nesbitt's* application, explaining:

[T]he rule is expressly confined, by its language, to cases where a party has taken an appeal from a referee to the board, and holds that such an appellant cannot afterwards, on his further appeal to the common pleas object for the first time to findings of fact—in the sense above stated—not questioned by him on his appeal to the board. When we consider that, under the procedure prescribed by the Workmen's Compensation Act, a claimant can appeal from the referee only if his claim has been disallowed, or an employer, only if an award is made against him—that the right to appeal from findings of fact of the referee is cojoined with the award, or disallowance of compensation, respectively, (sec. 423, 77 P.S. §§ 853, 854)—we can see how unfair it would be to hold a party concluded by findings that he could not question or appeal from, until some body, board or court has ruled against him on an appealable matter.

*Creighton,* 155 Pa.Superior Ct. at 172–73, 38 A.2d at 341.

6. In our unpublished opinion, we recognized that Tarapacki lacked standing to appeal from the decision of the original referee because he was not an aggrieved party as required by Pa.R.A.P. 501; *Tomczak v. Workmen's Compensation Appeal Board (Pro–Aire Transport, Inc.),* 150 Pa.Commonwealth Ct. 431, 615 A.2d 993 (1992).

referee on a claim petition, seeks to correct an error which later proves material to that claimant's rights. Aside from appeals, the only section permitting a party to correct an error on an award, as opposed to an agreement, is section 426 of the Act, which provides, in pertinent part:

The board, upon petition of any party and upon cause shown, may grant a rehearing of any petition *upon which the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of the referee....*

77 P.S. § 871 (Emphasis added). Obviously, section 426 cannot help Tarapacki because, as a non-aggrieved party, he could not have sought review from the Board.

Nonetheless, we do not believe that the Legislature's failure to provide for the unique situation presented in this case prevents Tarapacki from obtaining relief. It is well settled that "the Pennsylvania Worker's Compensation Act is remedial in nature and intended to benefit the worker, and, therefore, the Act must be liberally construed to effectuate its humanitarian objectives." *Peterson v. Workmen's Compensation Appeal Board (PRN Nursing)*, 528 Pa. 279, 287, 597 A.2d 1116, 1120 (1991). This is especially true where construing the Act liberally in favor of the injured worker does not prejudice an employer. *See Baird v. Workmen's Compensation Appeal Board (MCTEL)*, 145 Pa.Commonwealth Ct. 69, 602 A.2d 452 (1992) (Dismissal of a claim petition for lack of prosecution was error where, because the employer had agreed to assign the claim to inactive status, *the employer could not show any prejudice.*) We recognize that liberal construction cannot permit coverage beyond the scope of the Act. *Kerr v. Workmen's Compensation Appeal Board (Campbell Co.)*, 108 Pa.Commonwealth Ct. 30, 529 A.2d 62 (1987). However, interpreting the Act in a way that enables Tarapacki to correct a material mistake in a decision and order from which Tarapacki could not appeal does not fall within the prohibition of *Kerr*. Accordingly, *on the facts of the present case*, we believe that Tarapacki's review petition was a

proper method to prove that Employer actually had insurance coverage for Tarapacki's work-related injury.[7]

One final point must be made. Throughout these proceedings, Tarapacki has insisted that, in the interest of justice, he should be permitted to prove that Employer had insurance coverage for his injury by means of after-discovered evidence. In our original unpublished opinion, we stated that the evidence concerning insurance coverage was not after-discovered because with the exercise of due diligence, Tarapacki could have obtained this evidence for the prior proceedings. However, we now concede that there is no support for this statement.[8] Moreover, we note that even if Tarapacki could have obtained this information, his failure to do so did not indicate a lack of due diligence *because Employer's insurance coverage, or the lack thereof, was a collateral matter on Tarapacki's claim petition.* As we stated earlier, the issue before the original referee was whether Tarapacki was dis-

---

**7.** A petition presented under the wrong section of the Act will be treated as having been presented under the correct section. *Sun Oil Co. v. Workmen's Compensation Appeal Board (Thompson)*, 158 Pa.Commonwealth Ct. 434, 631 A.2d 1084 (1993). While the Act contains no correct section, we have already held that *some method of obtaining relief must be available on the facts of the present case.* Therefore, we accept Tarapacki's petition as in the nature of a writ of error coram nobis. This is "[a] common-law writ, the purpose of which is to correct a judgment in the same court in which it was rendered, on the ground of error of fact, for which the statute provides no other remedy, which fact did not appear of record, or was unknown to the court when judgment was pronounced, and which, if known, would have prevented the judgment, and which was unknown, and could not have been known to the party by the exercise of reasonable diligence in time to have been otherwise presented to the court, unless he was prevented from so presenting them by duress, fear, or other sufficient cause." Black's Law Dictionary 1444 (5th ed. 1979).

**8.** On the contrary, because it was Employer that held this coverage and because it was Employer that was subject to penalties for failure to carry insurance, it appears that if this information was available, Employer should have presented it. By failing even to be aware that this coverage existed, Employer showed a lack of due diligence. We certainly cannot charge Tarapacki with a greater knowledge of Employer's insurance coverage than Employer itself, and it is unjust to require that Tarapacki exercise more diligence than Employer in uncovering the existence of Employer's insurance policy, particularly where such information was not crucial to Tarapacki's claim for benefits.

abled because of work-related injury. The question of Employer's insurance to cover that claim was a matter between Employer and its insurance company. We know of no authority that requires a claimant to sue an employer's insurance carrier when he or she files a claim petition. Furthermore, we do not know why Tarapacki is now seeking to prove that coverage was extant at the time of his injury. Common sense would indicate that he was unable to collect from Employer the benefits due to him; the record, however, contains no evidence in this regard.[9] Nonetheless, once the question of whether Employer was insured became pertinent, Tarapacki properly filed his review petition,[10] and any information Tarapacki presented relating to Employer's insurance coverage in an effort to obtain relief upon his petition, was after-discovered evidence as that term is used in law.

Vacated and remanded.

## ORDER

AND NOW, this 14th day of April, 1994, the October 1, 1992 order of the Workmen's Compensation Appeal Board at No. A91–1313 is vacated and the matter is remanded to permit Tadeusz Tarapacki to litigate the question of whether Diversified Contracting, Inc. had insurance coverage for Tarapacki's work-related injury.

Jurisdiction relinquished.

RODGERS, Senior Judge, dissenting.

I respectfully dissent. On the claim petition the referee found on the basis of competent evidence that the defendant,

---

**9.** We do not know what, in fact, happened between the time of the original referee's decision and order and the time when Tarapacki filed the present review petition. Tarapacki can present this evidence to the extent it is relevant upon remand.

**10.** A petition to the Board for rehearing under section 426 is timely if it is filed within eighteen months of the order from which rehearing is sought. *Rice v. Workmen's Compensation Appeal Board (Rockwell International Corp.)*, 138 Pa.Commonwealth Ct. 555, 588 A.2d 1011 (1991). Tarapacki filed his review petition less than eighteen months after the original referee's decision.

Diversified Contracting, Inc., the employer, was not insured on March 20, 1989, in the state of Pennsylvania. The decision and order was not appealed.

On the petition to review, the referee found on the basis of competent evidence that the evidence relied on by the petitioner to show that the previous finding of no insurance coverage was in error, was available to all parties prior to the hearing on the claim petition. At the hearing on the claim petition, the question of insurance coverage was an issue properly before the referee. *Workmen's Compensation Appeal Board v. Cicioni,* 29 Pa.Commonwealth Ct. 381, 370 A.2d 1256 (1977). I would hold that the question of insurance coverage is res judicata.

I disagree that the claimant had no standing to appeal the initial award by the referee because he was not a party aggrieved. An award against an insolvent employer, rather than a solvent insurer, is appealable if it is the result of an error of law, or not based upon sufficient competent evidence. 77 P.S. § 853; *See Rockwood Insurance Co. v. Workmen's Compensation Appeal Board,* 45 Pa.Commonwealth Ct. 109, 405 A.2d 569 (1979).