# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Connect A Care Network, LLC,      :
                Petitioner      :
                                   :
         v.                    :    No. 95 C.D. 2021
                                     :    SUBMITTED: July 1, 2022
State Workers' Insurance Fund and      :
Elaine Davis (Workers' Compensation    :
Appeal Board),                       :
                 Respondents    :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE ELLEN CEISLER, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**             **FILED: November 17, 2022**

Connect A Care Network, LLC (Employer), a home care provider, petitions for review from the decision of the Workers' Compensation Judge (WCJ), affirmed by the Workers' Compensation Appeal Board, finding that it did not have a workers' compensation insurance policy with the State Workers' Insurance Fund (SWIF) in effect on May 17, 2016, when Claimant Elaine Davis was injured in the course of her work for Employer. We affirm.

The sole question raised on appeal is whether Employer had an effective workers' compensation policy with SWIF on the date of Ms. Davis's injury. Therefore, our recitation of the facts and procedural history focuses on those aspects of the record relevant to that issue.

Claimant's initial petition, filed June 14, 2016, alleged that she sustained extensive injuries when she was assaulted by a client of Employer and sought total disability benefits. On September 26, 2016, Claimant filed an uninsured claim petition against Employer and the Uninsured Employers Guaranty Fund (UEGF). On April 17, 2017, Claimant filed a joinder petition against SWIF contending that it was Employer's workers' compensation carrier on the date of the injury. On June 20, 2017, SWIF filed a joinder petition against UPMC Work Partners alleging that it provided coverage for Employer on the date of the injury.

SWIF presented the deposition testimony of Jack Savitz, SWIF's acting underwriting manager and records custodian, who testified to the effect that Employer did not have a workers' compensation policy in effect with SWIF on the date of the injury, the policy having been cancelled by Employer effective November 1, 2015, and that Employer was in the process, but had yet to finalize, the application for a new policy on the date of the injury. Employer presented the deposition testimony of Bennie Pettway, Employer's acting Chief Executive Officer and founder. Ms. Pettway testified that she believed that Employer was insured by SWIF on the date of the injury. The WCJ specifically accepted Mr. Savitz's testimony as credible (WCJ Dec., Finding of Fact "F.F." No. 29) and rejected Ms. Pettway's testimony that she reasonably believed that she had purchased insurance that was in effect on the date of the injury as "not worthy of belief," (WCJ Dec., F.F. No. 16). The WCJ ultimately found that Employer did not have workers' compensation coverage through either SWIF or UPMC Work Partners. Thus, the WCJ denied Claimant's joinder petition against SWIF and SWIF's joinder petition against UPMC Work Partners. (WCJ Dec., Conclusions of Law Nos. 4 and 7.)

Of relevance to this appeal, Employer and UEGF appealed the WCJ's decision with respect to the finding that Employer did not have coverage in effect with SWIF on the date of the injury. The Board disagreed and, in an adjudication dated February 19, 2020, affirmed the WCJ's conclusion that Employer did not have a policy with SWIF in effect on the date of the injury. Later, after remand on an unrelated issue, by Order dated January 8, 2021, the Board made final its February 2020 decision.[1]

As stated, Employer's sole issue on appeal is whether the WCJ erred in finding that it was not insured by SWIF on the date of the injury. It is well established that a WCJ has jurisdiction to determine questions of insurance coverage. *Overhead Door Co. of Lewistown, Inc. v. Workers' Comp. Appeal Bd. (Gill)*, 819 A.2d 635, 639 (Pa. Cmwlth. 2003). This jurisdiction includes authority to determine whether or not a policy has been cancelled. *Workmen's Comp. Appeal Bd. v. Cicioni*, 370 A.2d 1256, 1257 (Pa. Cmwlth. 1977).

SWIF presented the testimony of Mr. Savitz with accompanying exhibits. (Savitz Dep. at 1-85; Reproduced Record "R.R." at 109a-93a; Savitz Exs. 1-14, R.R. 194a-326a.) Mr. Savitz testified that Employer initiated workers' compensation coverage with SWIF on January 23, 2014. (Savitz Dep. at 16.) The policy was renewed for the period of January 23, 2015, through January 23, 2016. (*Id.* at 20-24.) However, this renewal did not remain in effect for the entire year specified, as there were occasions when Employer paid late resulting in pending cancellation or cancellation. (*Id.* at 24-25.)[2] Additionally, SWIF received notice

---

[1] UEGF reached a settlement with Claimant for which Employer would be liable.

[2] We note in passing that, even if the policy had continued through January of 2016, it would not have been in effect in May of 2016 when Claimant was injured.

from the Pennsylvania Compensation Rating Bureau that Employer had duplicate coverage with another company, UPMC Work Partners, effective November 1, 2015. (*Id.* at 25.) Therefore, SWIF canceled Employer's policy as of November 1, 2015. (*Id.* at 26; Letter from SWIF dated Jan. 19, 2016, Savitz Ex. 5, R.R. at 256a.) Mr. Savitz identified the notice of cancellation that SWIF issued, stating that Employer's policy was canceled with an effective date of November 1, 2015. (Savitz Dep. at 33; Letter from Pa. Dep't of Labor & Indus., dated Feb. 4, 2016, Savitz Ex. 7, R.R. at 260a.) Employer once again applied for insurance with SWIF in March 2016; this application was denied by SWIF because it was missing information. (Savitz Dep. at 35-40; Appl., Savitz Ex. 8, R.R. at 261a-80a; Letter from Pa. Dep't of Labor & Indus. dated April 29, 2016, Savitz Ex. 9, R.R. at 281a-83a.) Mr. Savitz testified that on May 17, 2016, Employer had no workers' compensation policy effective with SWIF, and SWIF was never informed of Claimant's work injury after it occurred. (*Id.* at 43.)

Employer asks the Court to rely upon Ms. Pettway's testimony to establish that there was some "ambiguity" as to the status of Employer's policy with SWIF and to parlay that ambiguity into a presumption that the insurance policy was in effect. However, the WCJ is the finder of fact and is free to accept or reject, in whole or in part, the testimony of any witness. *Greenwich Collieries v. Workmen's Comp. Appeal Bd. (Buck)*, 664 A.2d 703, 706 (Pa. Cmwlth. 1995). There is substantial, competent evidence in the record to support the WCJ's findings, and this Court does not have the authority to review her well-reasoned credibility

determinations.[3]  *Id.*  As the testimony presented by Mr. Savitz supports the WCJ's findings, they are binding.

In light of the foregoing, the order of the Board is affirmed.

<br>

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

<br>

Judge Fizzano Cannon and Judge Dumas did not participate on the decision for this case.

---

[3] The WCJ offered the following reasons for rejecting key elements of Ms. Pettway's testimony regarding Employer's contractual relationship with SWIF:

> To the extent that Ms. Pettway testified that she reasonably believed that she purchased a workers' compensation insurance policy from SWIF which was in effect on May 17, 2016, her testimony is rejected as not worthy of belief for the following reasons: 1) Ms. Pettway testified that she "never canceled the SWIF policy" yet Ms. Pettway signed a Cancelation Request/Policy Release on October 26, 2015[,] that was faxed to SWIF by her broker requesting a cancelation of her workers' compensation insurance policy with SWIF effective November 1, 2015. Ms. Pettway's testimony that she did not sign that particular form is thoroughly incredible in that the numerous other documents that she authenticated that contained her signature reflected the same unusual was [sic] Ms. Pettway signed the "B" in Bennie; 2) Even though Ms. Pettway testified that she completed a new application for workers' compensation insurance coverage with SWIF on or about March 10, 2016, she inexplicably denied that it was her signature on the application forms; [and] 3) Ms. Pettway testified that she received the new policy after the March 10, 2016 application (although purportedly she did not sign that application), yet no such policy was submitted into evidence.

(WCJ Dec., F.F. No. 23.)

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Connect A Care Network, LLC,    :
            Petitioner    :
            :
            v.    :    No. 95 C.D. 2021
            :
State Workers' Insurance Fund and    :
Elaine Davis (Workers' Compensation    :
Appeal Board),    :
            Respondents    :

# **O R D E R**

AND NOW, this 17th day of November, 2022, the January 8, 2021 Order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita