530 A.2d 1034

State Accident Fund, Petitioner *v.* Workmen's Compensation Appeal Board (Edmiston, Jr.) (Edmiston) (Ruchte) (Associated Tower Service) (WJAC, Inc.), Respondents.

Submitted on briefs May 21, 1987, to Judges DOYLE and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*Laverne M. Kovacs, Levine, Reese & Serbin,* for petitioner.

*Ronald Ganassi, Will, Keisling, Ganassi & McCloskey,* for WJAC, Inc., respondent.

*Edward F. Peduzzi,* with him, *James H. Stratton, Jr.,* for respondent.

OPINION BY JUDGE PALLADINO, September 10, 1987:

State Accident Fund (Petitioner) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting workmen's compensation benefits to Janet L. Edmiston (Claimant) widow of Thomas L. Edmiston (Decedent) and holding State Accident Fund (Fund) liable for payment according to the workmen's compensation policy issued to John Valentine (Valentine) individually and trading as Associated Tower Service, Inc. (Associated).

Associated is a Maryland corporation which is engaged in the business of erection, maintenance, inspection and painting of radio transmission towers. Although its principal office is in Silver Springs, Maryland, approximately 90% of Associated's business is conducted outside the State of Maryland. On May 29, 1979, WJAC, Inc., a Pennsylvania corporation engaged in the business of transmitting AM, FM and television radio signals in Johnstown, Pennsylvania, invited a bid from Associated for the painting of nine transmission towers located near Holsopple, Pennsylvania. After WJAC ac-

cepted Associated's bid, Valentine hired Decedent and Decedent's brother as painters for the WJAC job. On June 27, 1979 Decedent fell from a seat board while on a tower, causing his death.

On the date of the accident, Associated had a workmen's compensation insurance policy in effect with State Accident Fund. The Fund was established by the Maryland Legislature as an alternative source of workmen's compensation insurance for Maryland employers. The Fund competes with private workmen's compensation insurers in providing workmen's compensation coverage.

On October 19, 1979 Claimant filed a claim petition for fatal workmen's compensation benefits under The Pennsylvania Workmen's Compensation Act[1] against Associated.[2] Several hearings were held before Referee Robert J. Cassidy. At the several hearings before Referee Cassidy, the Fund was represented by James P. O'Conor, Jr. (O'Conor), Assistant Attorney General of Maryland who stipulated to Pennsylvania's jurisdiction over the matter. At the hearing before Referee Cassidy, O'Conor argued the defense that, under Maryland law, coverage of the policy issued to Associated did not extend beyond the State of Maryland to a Pennsylvania resident working in Pennsylvania.

Referee Cassidy found that Decedent met his death while in the course of his employment with Associated. Referee Cassidy also found that Associated was insured by the Fund and that the policy covered the type of work being performed by Associated on the date of the accident because the policy contained the following provision:

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §541.

[2] On September 24, 1980, a claim petition against WJAC was also filed by Claimant which was subsequently dismissed and is not at issue within the instant appeal.

EXTRA-TERRITORIAL: Effective July 1, 1974, under the Maryland Workmen's Compensation Law, Article 101, Sections 70 and 72, has been changed to allow the State Accident Fund to 'pay benefits equal to the benefits allowable and payable under the District of Columbia Compensation Law, or allowable and payable under any other state or federal compensation law applicable to the case.'

As a result, Referee Cassidy made the following conclusions of law:

5. The Laws of the Commonwealth of Pennsylvania and the Workmen's Compensation Act, as amended, in particular, is controlling with respect to the question of whether Thomas L. Edmiston, Jr., was an employee of Associated Tower Service, Inc., and/or Associated Tower Service, and/or John Valentine, and as to the question of whether said defendant-employer is liable within the meaning of the Workmen's Compensation Act, as amended, for the payment of workmen's compensation benefits as a result of the filing of the Fatal Claim Petition by Janet L. Edmiston, widow of Thomas Leroy Edmiston, Jr., deceased.

6. The Laws of the State of Maryland, and in particular, the Workmen's Compensation Act of Maryland, as amended, is controlling as to the liability of the State Accident Fund of the State of Maryland, to John Valentine, individually, trading as Associated Tower Service, Inc., by reason of the issuance of Workmen's Compensation policy number 43645-5, and to the extent that it may be liable to pay the liability arising out of the filing of the Claim of Janet L. Edmiston, widow of Thomas Leroy Edmiston,

Jr., deceased, for benefits under the Workmen's Compensation Act of Pennsylvania, as amended.

Referee Cassidy, in his order of October 26, 1981, dismissed the claim petition against WJAC and held Associated liable for compensation through its carrier, the Fund, to pay compensation as set forth in the policy with Associated:

5. The liability for payment of this Order of Associated Tower Service, Inc., and/or John Valentine, individually and trading as Associated Tower Service, Inc., shall be as required by the terms of the State Accident Fund policy number 43645-5, issued to its insured, John Valentine, individually, and trading as Associated Tower Service, Inc., and as provided by the Laws of the State of Maryland, and in particular, the Workmen's Compensation Act of Maryland, as amended.

The Fund did not appeal Referee Cassidy's decision. After the time to appeal to the Board had expired, Claimant's attorney, by letter dated November 20, 1981, demanded payment from the Fund. O'Conor responded by letter dated December 29, 1981 wherein, after quoting Referee Cassidy's fifth paragraph of the October 26, 1981 Order, denied any liability by the Fund for the claim:

Because Referee Cassidy has determined that the State Accident Fund's liability in this case shall be determined by its policy and the laws of Maryland, it is the State Accident Fund's position that neither the policy nor the laws of Maryland establish liability on the part of the State Accident Fund for this claim.

It certainly appears that Referee Cassidy is indicating that this case should be referred to the State of Maryland Workmen's Compensation

Commission for determination of what, if any, liability the State Accident Fund has in this case under the laws of Maryland and according to the policy issued to Associated Tower Service, Inc. Certainly it would be appropriate for this case to be referred to the Maryland Workmen's Compensation Commission which is best suited for declaring the effect of the laws of Maryland on the State Accident Fund, a Maryland state agency.

Thereafter, Claimant filed a petition with the Maryland Workmen's Compensation Commission (Commission). After a hearing, the Commission entered a May 14, 1982 order disallowing the claim:

The Commission finds that the Claimant is a resident of Pennsylvania, hired to do work solely in the State of Pennsylvania and was insured in the State of Pennsylvania. The employer is a Maryland employer. The workmen's compensation commission of Maryland does not have jurisdiction in the above entitled case; subject to review within 7 days if requested.

Because the Fund refused to pay the claim, Claimant, in November of 1982, filed a petition to review notice of compensation payable or compensation agreement. Meanwhile Referee Cassidy died and the hearing was held before Referee V. F. Moraca. O'Conor appeared on behalf of the Fund and offered no objection to the proceedings. The issue raised by Claimant in the petition was the interpretation by Referee Cassidy of Paragraph 6 of the conclusions of law and Paragraph 5 of the order. Specifically, Claimant alleged: "Paragraph six (6) of the Conclusions of Law and Paragraph five (5) of the Order of October 26, 1981, made by Robert J. Cassidy, Worker's Compensation Referee, were made under the incorrect belief that the liability of the State Accident

Fund was to be determined by the Worker's Compensation Law of Maryland as represented by the attorneys for the Fund at the hearings, whereas the liability of the Fund is identical to that of any other insurance carrier and is determined solely by the language of the written contract and not by any Maryland law, particularly its Worker's Compensation Law. See also paragraphs 29, 30 and 31 under Findings of Fact."

In sum, Claimant asserted that Referee Cassidy left open, for Maryland to resolve, the issues of liability of the Fund and payment by the Fund. The Fund argued, however, that under the laws of Maryland and the policy issued to Associated, there was no coverage for the Decedent who was a Pennsylvania employee working in Pennsylvania.

Referee Moraca retired and the case was assigned to Referee Getty. After taking further testimony, he issued findings of fact and conclusions of law on July 18, 1983 which ordered Associated by its carrier, the Fund, to pay the Claimant's fatal claim petition, pursuant to the Pennsylvania Workmen's Compensation Law. Referee Getty also dismissed, without prejudice to refile, the claim petition against WJAC. Cross-appeals were filed to the Board which remanded the case to Referee Getty to make more specific findings of fact and conclusions of law regarding the issue of coverage of the Fund's policy over Decedent. A hearing was scheduled but continued by counsel for the Fund. No further hearings were scheduled and the case was closed on the record. The parties submitted briefs and memoranda of law. Referee Getty issued findings of fact and conclusions of law on July 10, 1985. Referee Getty made the following pertinent findings:

29. At the time, Associated Tower Service, Inc. through its owner and principle [sic] officer, entered a bid for painting the nine transmission

towers of WJAC, Inc. and at that time said bid was accepted on June 20, 1979, he was the owner individually, and trading as Associated Tower Service, Inc., with its principle [sic] office at 129 Lexington Drive, Silver Spring, Maryland with the workmen's compensation policy of State Accident Fund of Maryland, same being policy number 43645-5, which was effective on February 5, 1977 and at all relevant times involved in the performance of the contract to paint the towers of WJAC, Inc. and said policy covered the type of work being performed by the insured on June 27, 1979. Said policy provides coverage for an out of state employee working on an out of state job site.

30.   Said policy contained the following provision: EXTRA-TERRITORIAL: Effective July 1, 1974, under the Maryland Workmen's Compensation Law, Article 101, Sections 70 and 72, has been changed to allow the State Accident Fund to 'pay benefits equal to the benefits allowable and payable under the District of Columbia Compensation Law, or allowable and payable under any other state or federal compensation law applicable to the case.'

31.   Following the death of Thomas Leroy Edmiston, Jr., the State Accident Fund of Maryland sent a letter to radio station WJAC, Inc. the attention of Art Vrooman, Chief Engineer, Hickory Lane, Johnstown, PA 15905, certifying that John Valentine, trading as Associated Towers Service, Inc., was covered by State Accident Fund, Policy number 4-3645-5 which policy was effective on August 10, 1977, and that the certificate expired on July 12, 1981.

32. Based on the decedent's prior wage rate with doing similar work and the average rate of other employees of the defendant-employer of similar-type work at $10.00 per hour, $80.00 per day, the average wage of the decedent-employee at the time of his death was $400.00.

33. The Maryland State Workmen's Compensation policy number 43645-5 was in effect at the time of the death of Thomas L. Edmiston, Jr., cancelled at the request of the policy holder, John Valentine, on May 9, 1977, as a result of a letter received by the State Accident Fund, because of his understanding regarding noncoverage of extra-territorial employment with respect to the State of Maryland, but was reinstated after Mr. Valentine had explained that the bulk of his work was done outside the State of Maryland, the said policy was reinstated on August 10, 1977 after a request for reinstatement had been made by the insured with remittance for premium.

Accordingly, Referee Getty ordered payment as follows:

6. The liability for payment of this Order of Associated Tower Service, Inc., and/or John Valentine, individually and trading as Associated Tower Service, Inc. shall be paid for under the terms of the State Accident Fund policy number 43645-5, issued to its insured, John Valentine, individually, and trading as Associated Tower Service, Inc., and as provided by the Laws of the State of Pennsylvania, and in particular, the Workmen's Compensation Act of Pennsylvania, as amended.

The Fund appealed to the Board asserting that findings 30, 31 and 33 are not supported by the evidence

and that the conclusions of law were in error because Maryland law did not afford coverage to Decedent. On June 11, 1986, the Board affirmed Referee Getty's decision concluding that substantial evidence existed and no errors of law were made.

The Fund now appeals to this court first asserting that the Fund was not liable for payment of the claim because the policy issued to Associated did not cover a Pennsylvania employee working solely in Pennsylvania. Next, the Fund asserts that there was not competent evidence to support the findings of Referee Getty.

Initially we note that Pennsylvania is the proper forum to render a workmen's compensation decision where a Pennsylvania resident, although hired by a Maryland employer, is working in Pennsylvania and meets his death in Pennsylvania. *See Myers v. Commercial Union Assurance Companies*, 506 Pa. 492, 485 A.2d 1113 (1984). Given that this claim was properly brought in Pennsylvania, we turn to the first issue presented for our review. The Fund asserts that no recovery can be had because, under Maryland law, this decedent would not be covered by the Workmen's Compensation policy at issue. We disagree.

Once a claim is in the proper forum, that forum must then apply its choice of law rules to determine which State's law applies to resolve the conflict. The Pennsylvania Supreme Court has adopted the principle that a court must look to the local law of the State which has the most significant relationship with the occurrence and the parties. *Elston v. Industrial Lift Truck Co.*, 420 Pa. 97, 216 A.2d 318 (1966). The narrow issue which is before this court is a question of the coverage of the Fund's policy as applied to this decedent. Because the workmen's compensation policy was issued in Maryland, the Fund asserts that Pennsylvania requires us to look to law of the State where the contract was

made, *Special Jet Services, Inc. v. Federal Insurance Company,* 643 F.2d 977 (3d Cir. 1981), and since the contract was made in Maryland, the Fund concludes Maryland law applies. That, however, is a mechanical rule which we decline to apply. "[T]o the extent the Restatement [2d] suggests that the conflict be resolved by analysis rather than by resort to a mechanical rule, we adopt its treatment of the problem." *Elston,* 420 Pa. at 105-106, 216 A.2d at 322.

In resolving a potential conflict between the application of State laws we must consider the policies and interest underlying the particular issue before the court. *Myers.* These factors must be viewed qualitatively rather than quantitatively. *Id.*

Pennsylvania has a predominant interest in assuring that Pennsylvania workers who are injured in Pennsylvania or, as in the case at bar, who meet their death in a work-related accident, are adequately compensated. To this end, Pennsylvania has enacted The Workmen's Compensation Act for the purpose of affording a worker protection against injuries and to give relief by way of accident insurance in place of common law rights. *American Casualty Co. of Reading v. Kligerman,* 365 Pa. 168, 74 A.2d 169 (1950).

Maryland's interest in the case at bar stems from the fact that the insurance contract was made in Maryland and its statutorily created State Accident Fund would be liable for payment. However, Maryland has negated any interest it may have in having its law applied because Maryland has declined jurisdiction over the case. Upon our review of the competing interests and policies we conclude that Pennsylvania law applies. Therefore, the Board did not err in affirming Referee Getty's determination of coverage and liability of the Fund pursuant to Pennsylvania law.

We next turn to the Fund's assertion that there was not competent evidence to support Referee Getty's findings of fact. This issue, however, is not properly before this court because the only issue which we can consider is the narrow legal question regarding which State's law is applicable to the case at bar. Our conclusion results from the fact that the Fund did not appeal the initial decision in this case which was rendered by Referee Cassidy and which contained a finding that the Fund was liable. The findings of fact made by Referee Cassidy became final after the time to appeal expired. 77 P.S. §833. Further, upon filing the Petition to Review Notice of Compensation Payable, the only issue raised was the narrow legal question regarding which State's law applied. We note, in any event that after an exhaustive review of the record, we conclude that, despite conflicting evidence, there was substantial evidence to support the findings of fact.

In conclusion, we note that it is undisputed that Claimant's Decedent was killed in a work-related accident. Her claim has been "passed-around like a hot potato" for close to eight years. Justice has certainly not been served to Decedent's widow.[3]

In light of the foregoing, the order of the Board is affirmed.

## ORDER

AND NOW, September 10, 1987, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

---

[3] If Claimant does not receive the death benefits within 30 days, she should file the award with the prothonotary of any county and have judgment entered against Associated or the Fund. Section 501 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §921. "Such judgment shall be a lien against property of the employer or insurer liable under such agreement or award and execution may issue thereon forthwith." Id.