642 A.2d 638

**Stanley FROMPOVICZ, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PALSGROVE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 25, 1994.

Decided May 25, 1994.

---

1. Act of June 24, 1937, P.L. 2045, 62 P.S. § 1975.

308

Nicholas M. Panko, for petitioner.

Lester Krasno, for respondent.

Before McGINLEY and KELLEY, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

On January 27, 1990, while working for his employer, Stanley Frompovicz T/A Town Developments, claimant Joseph Palsgrove fell through a scaffolding and injured his back. On June 6, 1991, Claimant filed his claim petition, which Employer failed to answer.

Employer now petitions for review of the September 28, 1993 order of the Workers' Compensation Appeal Board which affirmed the award of benefits and attorney's fees by Workers' Compensation Referee Rapkin. In addition, the Board im-

posed penalties of 20% for violation of the Workers' Compensation Act (Act)[1] and delay in payment. We affirm the Board's award of benefits, attorney's fees and penalties.

On appeal, Employer argues that the Board erred: 1) in closing the record of the case and refusing to remand the case to the Referee for a full evidentiary hearing; 2) in refusing to give effect to an alleged settlement agreement; and 3) in determining that Employer's contest of the claim was unreasonable. Finally, Employer argues that because he did not carry workers' compensation insurance, his privilege against self-incrimination was violated by the statutory requirement that he file a notice of compensation payable[2] or file an answer to the claim petition. If we understand this argument correctly, Employer is making the somewhat preposterous argument that, because he may have committed a criminal misdemeanor in failing to provide workers' compensation coverage for his employees, the administration of his employee's compensation claim should be for some unexplained reason delayed until the final conclusion of any criminal investigation. We do not agree.

At the initial hearing before Referee Rapkin, the parties advised the Referee that the case might be settled. It later became known that Employer did not have workers' compensation insurance for the relevant time period.

▪ The parties agreed to a lump sum settlement amount.[3] However, Claimant wanted Employer to issue a notice of compensation payable and a final receipt. Employer refused to do so, asserting that he was being investigated by the Department of Labor and Industry for failure to have workers' compensation insurance and that he did not want to sign anything which could be construed as an admission of guilt.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

2. *See* Section 410 of the Act, 77 P.S. § 731.

3. Such lump sum agreements, entered into without Board approved commutation of benefits, are generally null and void. *See Green v. Workmen's Compensation Appeal Board, (Roadway Express, Inc.),* 43 Pa.Commonwealth Ct. 143, 401 A.2d 1243 (1979).

Referee Rapkin sent several letters to both parties requesting information on the status of the case. Employer did not respond. On November 25, 1991, Claimant requested that the record be closed and the case decided upon the facts contained in the claim petition. On November 26, 1991, Referee Rapkin issued an interlocutory order closing the record as of January 6, 1992.

On January 2, 1992, Employer wrote to Referee Rapkin and requested that he keep the record open and convene a hearing. Employer explained that he had been criminally charged by the Commonwealth and must now present a defense to the claim petition.

On February 28, 1992, with no answer to the claim petition having been filed and no further evidence received, Referee Rapkin issued his decision. He granted Claimant's claim petition and also awarded attorney's fees for an unreasonable contest.

 Employer argues that the Referee erred when he issued the interlocutory order on November 26, 1991 to close the record and ignored Employer's correspondence of January 2, 1992 requesting that the record remain open and a hearing be conducted.[4] Employer cites *Joseph v. Workmen's Compensation Appeal Board (Delphi Co.)*, 522 Pa. 154, 560 A.2d 755 (1989), for the proposition that the Board can remand a case for further proceedings when the record before the referee has been inadvertently and prematurely closed.

*Joseph* is clearly distinguishable. In *Joseph*, the referee signed an affidavit stating that the record had been inadvertently and prematurely closed prior to receipt of a memorandum of law from the employer regarding a crucial issue in the case. Based on that affidavit, the Board remanded the case for further proceedings. In the case before us, however, Referee Rapkin did not "inadvertently and prematurely" close

4. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Commonwealth Ct. 288, 572 A.2d 843 (1990).

the record. He set a date—January 6, 1992—when the record would close. Employer failed to introduce any evidence into the record before that deadline. This is not a situation that warranted a remand for further proceedings.

Employer further argues that the Board refused to consider the fact that a "settlement agreement" had been reached by Employer and Claimant. In fact, a settlement agreement had not been reached. A monetary figure may have been agreed upon by the parties but Employer refused to issue a notice of compensation payable and a final receipt as demanded by Claimant. Employer argues that he could not comply with Claimant's request because it would have been an admission of criminal conduct on his part and would have violated his right against self-incrimination. We disagree.

The constitutional right against self-incrimination may be invoked in both criminal and civil proceedings. *Department of Transportation, Bureau of Driver Licensing v. Vogt*, 112 Pa.Commonwealth Ct. 515, 535 A.2d 750 (1988). However, when a party claims the privilege against self-incrimination in a civil proceeding, an adverse inference may be drawn from that fact. *Cf. Baxter v. Palmigiano*, 425 U.S. 308, 318–20, 96 S.Ct. 1551, 1558–59, 47 L.Ed.2d 810 (1976) (prison disciplinary proceeding); *Swako v. Swako*, 425 Pa.Superior Ct. 450, 625 A.2d 692 (1993) (child custody hearing). Workers' compensation proceedings are civil in nature. Although Employer may refuse to issue a notice of compensation payable and final receipt to avoid incriminating himself, the constitutional privilege does not extend to immunize him from the consequences of that action in a civil proceeding.

Employer was not wrongfully forced into a position where he had to execute documents which violate his right against self-incrimination. Employer had a choice. He could either consummate the settlement agreement by issuing the notice of compensation payable or he could invoke the privilege against self-incrimination and fail to consummate the settlement. He was not forced to incriminate himself. By choosing to invoke his privilege against self-incrimination, Employer had to face

the consequences of not settling the case and having the Referee rule against him. There is nothing unconstitutional about that.

■ Employer also argues that the Board improperly determined that he had unreasonably contested the case. Employer failed to file an answer as required under Section 416 of the Act.[5] After purportedly negotiating a settlement agreement, Employer failed to consummate that agreement. Further, Employer failed to present *any* evidence in defense of the claim. We find that the Board did not abuse its discretion in concluding that Employer unreasonably contested Claimant's claim. To this date, Employer has not called to our attention any facts of record contradicting the unanswered averments of the claim petition that Claimant suffered a loss of earnings and incurred medical expenses because of a compensable work-related injury.

■ Finally, Employer argues that the Board erred in imposing penalties because Claimant did not raise his claim for penalties in his claim petition. Thus, Employer argues that it is doubtful a Referee or the Board could award such items on its own initiative. However, any entity, such as the Board, which has the authority to hear any proceeding under the Act, has the power to impose penalties if a violation of the Act is proven.[6]

5. Within fifteen days after a copy of any claim petition or other petition has been served upon an adverse party, he may file with the department or its referee an answer in the form prescribed by the department.

Every fact alleged in a claim petition not specifically denied by an answer so filed by an adverse party shall be deemed to be admitted by him. But the failure of any party or all of them to deny a fact alleged in any other petition shall not preclude the referee before whom the petition is heard from requiring, of his own motion, proof of such fact. If a party fails to file an answer and/or fails to appear in person or by counsel at the hearing without adequate excuse, the referee hearing the petition shall decide the matter on the basis of the petition and evidence presented.

77 P.S. § 821.

6. (d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose

Further, at oral argument before the Board, Claimant requested that penalties be assessed for violation of the Act and delay in payment. It is obvious the Claimant could not have made this request in his claim petition when he was not yet aware that Employer had violated the Act and that Employer would delay payment of the benefits.

We conclude from our review of the record that the time for final resolution of this four year old compensation claim is now at hand. Accordingly, we affirm the Board's assessment of 20% penalties against Employer.

For the reasons stated above, we affirm the order of the Board.

## *ORDER*

**AND NOW,** this 25th day of May, 1994, the order of the Workmen's Compensation Appeal Board dated September 28, 1993 at No. A92–0692 is hereby affirmed.

penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:

(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.
77 P.S. § 991(d)(i).