**BLUNT LIMITED, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (RILEY),
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Dec. 16, 1994.
Decided Jan. 31, 1995.

Robert W. King, for petitioner.

Shelley W. Elovitz, for respondent.

Before McGINLEY and NEWMAN, JJ., and LORD, Senior Judge.

NEWMAN, Judge.

Blunt Limited (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming the decision of the referee that granted James Riley (Claimant) temporary total disability benefits and ordered Employer to pay Claimant's attorney fees pursuant to The Pennsylvania Workmen's Compensation Act (Act).[1]

Claimant worked for Employer, an Iowa corporation, as an over-the-road truck driver whose primary duties were delivering loads of meat from Marshalltown, Iowa to Philadelphia and Boston. On December 15, 1990, Claimant was driving his truck on Route 80 near Jersey Shore, Pennsylvania when he pulled to the side of the road because of icy conditions. While waiting for a salt truck, a Roadway Express vehicle struck Claimant's truck. The resulting force threw Claimant from the driver's seat to the other side of the truck's cab. Claimant immediately experienced numbness in his left leg and severe pain in the small of his back and between his shoulder blades. At the Highlands Hospital in Connellsville, Pennsylvania, the staff x-rayed Claimant, gave him an injection and referred him to the Forbes Metro Division in Wilkinsburg for treatment under Robert Love Baker, II, D.O. Claimant has been treating with Dr. Baker from the time of the accident and has not returned to work.

On February 4, 1991, Claimant filed a claim petition alleging that his injury took place on December 15, 1990 in the Commonwealth of Pennsylvania while in the scope and course of his employment as a truck driver. Employer filed a timely answer. The referee held three hearings, and on October 28, 1992, he issued his decision, awarding temporary total disability benefits. Specifically, the referee rendered the following finding of fact:

7. I have carefully considered all the evidence of record both medical and lay and find as a fact that the claimant is totally disabled from his December 15, 1990 work-related injury. In making this Finding of Fact, I rely on the competent, credible, substantial and uncontradicted opinion rendered in this case by Dr. Baker, claimant's treating physician.

Referee Opinion and Order, dated October 28, 1992, at 4.

In his opinion, the referee also determined that Employer's contest of Claimant's claim petition was unreasonable and awarded attorney's fees. In this regard, the referee found:

8. [Employer] presented no evidence to show that the claimant's injury did not occur in Pennsylvania nor did [Employer] present any evidence to show that the claimant's injury did not occur in the scope of the claimant's employment nor did [it] present any testimony to show that the claimant was not totally disabled from his December 15, 1990 work-related injury. The contest to this claim is therefore, unreasonable.

9. The claimant was forced to fully litigate this claim even though [Employer] did not have a valid basis to contest this claim. Claimant's counsel was required to attend three workmen's compensation hearings and in addition participate in a deposition of Dr. Baker, claimant's medical expert as well as participating in a deposi-

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

tion of Ms. Thomae [Employer's safety director].

*Id.*

On appeal to the Board, Employer solely challenged the referee's award of attorney's fees to Claimant. The Board affirmed, concluding that:

> [Employer] had the burden to establish a reasonable basis for its contest and the judge found that [it] failed to meet its burden. A review of the record reveals that [Employer] was not contesting the injury but was only asserting that Pennsylvania did not have jurisdiction. The judge properly held that Section 101 of the Act clearly gives Pennsylvania jurisdiction and we find no merit to [Employer's] argument that the issue of jurisdiction created a reasonable contest or that it was not work-related....

Board's Opinion and Order, dated July 19, 1994, at 3.

Employer now appeals to our court and asks us to determine whether the award of attorney's fees by the referee was proper.[2]

We note that the issue of whether there is a reasonable contest for an award of attorney's fees is a question of law based on an examination of the record subject to our review. *Cunningham v. Workmen's Compensation Appeal Board (Franklin Steel Company)*, 159 Pa.Commonwealth Ct. 622, 634 A.2d 267 (1993). Moreover, we have previously stated that an employer's contest is reasonable where an analysis of the law and review of the evidence in a particular case leads to different inferences. *Landis v. Workmen's Compensation Appeal Board (Zimmerman Motor Inc.)*, 43 Pa.Commonwealth Ct. 491, 402 A.2d 723 (1979). Finally, an award of attorney's fees is the rule and their exclusion is to be applied in cases where the record establishes that the em-

ployer's contest is reasonably based. *Ball v. Workmen's Compensation Appeal Board*, 19 Pa.Commonwealth Ct. 157, 340 A.2d 610 (1975).

Employer initially argues that it presented a reasonable contest as to the issue of whether the Commonwealth of Pennsylvania was the proper forum for the worker's compensation proceeding because of Claimant's lack of minimal contacts with Pennsylvania. Employer contends that the only contact that Claimant had with Pennsylvania was that the accident occurred in this Commonwealth. Moreover, Employer specifically maintains that Claimant's residency was in Ohio, and not, as the Claimant asserted, in Pennsylvania. Employer believes that this latter fact disqualified Claimant from bringing this worker's compensation action. Employer submits that we set forth this rule in *State Accident Fund v. Workmen's Compensation Appeal Board (Edmiston)*, 109 Pa.Commonwealth Ct. 252, 530 A.2d 1034 (1987).[3]

Our review of the instant record convinces us that the referee and the Board did not err in concluding that Employer's contest of Claimant's petition, based on jurisdiction, was unreasonable. Section 101 of the Act provides:

> That this act shall be called and cited as The Pennsylvania Workmen's Compensation Act, *and shall apply to all injuries occurring within this Commonwealth,* irrespective of the place where the contract of hiring was made, renewed, or extended, and extraterritorially as provided by section 305.2.

77 P.S. § 1 (footnotes omitted and emphasis added). There was no dispute between the parties that the accident occurred while Claimant was working for Employer in this Commonwealth. Moreover, the fact that there may have been an issue as to where

---

2. Our standard of review over an administrative decision is limited to determining whether any constitutional rights have been violated, whether any error of law has been committed, or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

3. In that case, we noted in dicta that Pennsylvania is the proper forum to render a workmen's compensation decision where a Pennsylvania resident, although hired by an out-of-state employer, is working in the state and the accident occurs in the state.

Claimant lived is of no consequence.[4] The relevant statutory authority clearly establishes that the only relevant factor for the Act to be applicable is whether the injury occurred within this jurisdiction. We have never required a claimant to be a Pennsylvania resident and will not do so today. To hold otherwise would disqualify from the protection of the Act numerous employees who, although working in Pennsylvania, reside in sister states. Finally, Employer's reliance on *State Accident Fund* is misplaced. That case did not set forth the rule that a claimant must be a Pennsylvania resident for the Act to be applicable. The issue in the case was whether Pennsylvania or Maryland law applied. The matter did *not* address the applicability of Section 101 of the Act, 77 P.S. § 1.

■ Employer next argues that the referee erred in granting Claimant attorney's fees because Claimant did not make a timely request for such relief. We have stated that the reason the issue of attorney's fees must be raised before the referee is to the give the employer an "opportunity to present a defense by way of legal argument or countervailing evidence." *Daugherty v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corporation)*, 97 Pa.Commonwealth Ct. 142, 145, 510 A.2d 147, 148 (1986). Our review of the record reveals that Claimant timely raised the issue of attorney's fees.

In Claimant's proposed findings of fact, conclusions of law and order, Claimant specifically requested an award of attorney's fees. This request sufficiently placed Employer on notice that Claimant was seeking attorney's fees. In reaching this conclusion, we rely on two recent cases addressing similar factual scenarios. In *Edwards v. Workmen's Compensation Appeal Board (R.C. Kadyk Corp.)*, 149 Pa.Commonwealth Ct. 597, 613 A.2d 667 (1992), a claimant requested attorney's fees in his brief after the referee had concluded the hearings on the matter. Despite this fact, we held that such action by the claimant placed the employer on notice of the request. Similarly, in *Eugenie v. Workmen's Compensation Appeal Board (Shel-*

*tered Employment Service)*, 140 Pa.Commonwealth Ct. 51, 592 A.2d 358 (1991), we held that a claimant's request for attorney's fees, included in a proposed order apparently[5] entered after the evidentiary record was closed, was sufficient to put the employer on notice. Therefore, we hold that Claimant's request for attorney's fees contained in his proposed findings of fact, conclusions of law and order sufficiently placed Employer on notice that he would be seeking an award of attorney's fees.

Accordingly, we affirm the order of the Board.

### ORDER

AND NOW, January 31, 1995, we affirm the order of the Workmen's Compensation Appeal Board.

---

4. Employer maintained that Claimant resided in Windham, Ohio. Claimant argued that he resided in Connellsville, Pennsylvania.

5. From the record, it was unclear whether the request came before or after the evidentiary record was closed.