DIVERSIFIED CONTRACTING CO.
and New Jersey Reinsurance
Company, Petitioners,

v.

WORKERS' COMPENSATION APPEAL
BOARD (TARAPACKI),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 24, 1998.

Decided Dec. 22, 1998.

Neil T. Dombrowski, Philadelphia, for petitioners.

Michael N. Silver, Upper Darby, for respondent.

Before McGINLEY, Judge and SMITH, Judge, and McCLOSKEY, Senior Judge.

SMITH, Judge.

New Jersey Reinsurance Company (NJRC) petitions for review of the March 13, 1998 order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) granting the petition to review of Tadeusz Tarapacki (Claimant) and determining that NJRC was the workers' compensation insurer of Diversified Contracting Co. (Employer) on March 20, 1989, the date on which Claimant sustained compensable injuries during the course of his employment. The Board also imposed a 20 percent penalty against Employer pursuant to the initial 1989 award entered in the case.

NJRC questions whether the WCJ erred in finding that NJRC was Employer's workers' compensation insurer when Claimant, a Philadelphia resident employed by Employer, sustained injuries during the course of his work. NJRC also questions whether the WCJ erred in re-awarding a 20 percent penalty originally imposed in 1989 for failure to insure when this penalty is inconsistent with the WCJ's finding that NJRC was Employer's insurer, and no penalty petition was filed and no hearing was held upon any alleged violation of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1—1041.4; 2501—2626.

## I.

Employer is an asbestos removal contractor and has its offices in Moorestown, New Jersey. NJRC provided Employer with a workers' compensation insurance policy that was effective from November 5, 1988 to November 5, 1989 and included coverage for Pennsylvania claims. There is no dispute that this policy, as issued, stated that it provided coverage in all other states except Nevada, North Dakota, Ohio, Washington, West Virginia, Wyoming, Texas and New Jersey. However, the basic policy coverage included New Jersey.

Claimant suffered a work injury on March 20, 1989, and on April 13, 1989 he filed his claim petition alleging that he sustained injuries compensable under the Act. On July 14, 1989, the WCJ[1] determined that Claimant sustained compensable injuries to his head, neck, back and legs when he fell from a scaffold during the course of his employment with Employer at a school building in Philadelphia. Claimant was awarded $399 per week in benefits, and because the WCJ determined at that time that Employer had no workers' compensation insurance coverage, the WCJ concluded that Employer violated the Act by failing to maintain insurance and also by unreasonably delaying payment to Claimant. A penalty of 20 percent was also imposed and was to be paid by Employer in addition to Claimant's weekly benefits. This decision was not appealed by Employer or NJRC even though both parties had notice of the original claim proceeding, and, furthermore, Employer's policy stated that a workers' compensation claim against Employer was in effect a claim against NJRC.

In October 1990, Claimant filed with the Board a petition for review alleging that Claimant obtained new information showing that documentary evidence relied upon in the claim petition proceeding was erroneous and that Employer in fact had insurance coverage on the date of his injury. This petition proceeded through a somewhat lengthy procedural history that is not relevant here. Ultimately, in an appeal from the Board's dismissal of Claimant's petition to review, this Court held that the Board must give Claimant the opportunity to prove his allegation that Employer had insurance coverage on the date of his injury. The case was remanded to the Board. *Tarapacki v. Workmen's Compensation Appeal Board (Diversified Contracting)*, 163 Pa.Cmwlth. 390, 641 A.2d 639, *appeal denied sub nom. New Jersey Re–Insurance Co. v. Worker's Compensation Appeal Board*, 539 Pa. 684, 652 A.2d 1328 (1994).

Thereafter, on remand the WCJ determined that Employer did have insurance coverage at the time of Claimant's injury through the policy issued by NJRC. The WCJ reasoned that NJRC's "endorsement out" of the ancillary other states' coverage portion of the policy in February 1989 was an attempt to remove insurance coverage in other states, including Pennsylvania, before the policy expired. This act was effectively a cancellation or termination of coverage that was unlawful under Section 653 of The Insurance Company Law of 1921, Act of May 17, 1921, P.L. 682, *as amended*, 40 P.S. §813.[2] The WCJ also reinstated the penalty that was previously imposed in 1989 in the original claim petition proceedings. The Board held that the WCJ did not err in applying Pennsylvania law to determine that NJRC was Employer's workers' compensation insurance carrier at the time of Claimant's injury, and it therefore affirmed the WCJ's determination.[3]

---

1. Prior to amendment of the Act in 1993, the role now fulfilled by workers' compensation judges was fulfilled by referees. Claimant's original claim petition was filed and decided by a referee in 1989. For the sake of consistency, this opinion will refer to the fact finder in the matter at issue and in the original claim proceeding as WCJ.

2. Section 653 provides in relevant part:
   Except for nonpayment of premiums, no policy of insurance issued or renewed against liability under the act of June 2, 1915 (P.L. 736, No. 338), known as 'The Pennsylvania Workmen's Compensation Act,' and acts amendatory thereof or supplementary thereto ... may be cancelled or terminated by an insurer during the term of the policy.

3. This Court's review of the Board's order is limited to determining whether the necessary findings of fact are supported by substantial evidence of record, whether an error of law was committed and whether any constitutional rights

## II.

NJRC's first argument is that the Board erred in applying the law of this Commonwealth when it interpreted Employer's workers' compensation insurance policy to determine whether Employer had coverage for injuries compensable under the Act. In *Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964), the Supreme Court established that, when faced with a question concerning which state's law is applicable to a particular issue, courts in this Commonwealth must analyze the policies and interests underlying the issue in dispute and apply the law of the jurisdiction most intimately concerned with the outcome of that issue. *See also State Accident Fund v. Workmens' Compensation Appeal Board (Edmiston)*, 109 Pa.Cmwlth. 252, 530 A.2d 1034 (1987). The weight or significance of a state's contacts must be measured on a qualitative rather than quantitative scale. *Id.* This Court has also stated that the determination of which state has the most significant relationship must be made on the basis of the question that is before the Court. *Byard F. Brogan, Inc. v. Workmens' Compensation Appeal Board (Morrissey)*, 161 Pa.Cmwlth. 453, 637 A.2d 689 (1994).

NJRC argues that the above analysis requires that the law of the state having the most significant relationship with the issuance of the policy must be applied to interpret the policy; that Employer's policy was issued in New Jersey pursuant to the assigned risk provisions of New Jersey law; and that New Jersey has the most significant relationship with this matter. Thus, according to NJRC, this Court must conclude that New Jersey law should have been applied in this matter. However, no question of policy interpretation is in fact presented here because it is undisputed that Employer's policy provided coverage for employee injuries compensable under the Act at the time the policy was issued. It is also undisputed that NJRC's endorsement in February 1989 was intended to terminate coverage that other-

wise would have extended throughout the term of the policy until November 5, 1989. Consequently, it was unnecessary for the Board to interpret the policy because the meaning of the provisions at issue was undisputed.

█ Rather, the question before the Board was whether Employer had insurance coverage for injuries that were compensable under the Act. The Commonwealth's interest in whether employers who are liable for such injuries have insurance coverage is clearly significant; this is evidenced in no small part by the fact that the Act mandates that employers carry workers' compensation insurance coverage. Section 305(a)(1) of the Act, 77 P.S. §501(a)(1). In addition, Claimant is a resident of Pennsylvania who sustained injuries in Pennsylvania during the course of work that he performed for Employer doing business in Pennsylvania. By contrast, New Jersey's relationship cannot be as significant. Accordingly, the Court concludes that the Board's application of Pennsylvania law was not erroneous.

In the alternative, NJRC argues that the Board's application of the choice of law analysis was erroneous, and it contends that had the Board applied this analysis correctly it would have concluded that New Jersey law applies. NJRC cites *State Accident Fund* to support its argument. In *State Accident Fund* the policy in question was issued by a fund established by the State of Maryland as an alternative provider of insurance for employers. Nevertheless, a Maryland court had determined that it lacked jurisdiction to decide the workers' compensation claim at issue there. When the Board's determination of that claim was subsequently brought before this Court, it applied the choice of law analysis and, in doing so, considered that the Maryland court had refused to exercise jurisdiction, which weighed heavily against the determination that its contacts were more significant. NJRC argues that the New Jersey courts, by contrast, have not refused to exercise jurisdiction over claims brought by the parties in this matter. NJRC has mis-

---

were violated. *Washington Steel Co. v. Workmen's Compensation Appeal Board (Argo)*, 167 Pa.Cmwlth. 294, 647 A.2d 996 (1994), *appeal denied*, 540 Pa. 590, 655 A.2d 519 (1995).

perceived the reasoning in *State Accident Fund.* This Court's decision demonstrates only that a foreign court's refusal to exercise jurisdiction is a factor to be weighed in the choice of law analysis to determine which state's contacts are more significant; it does not establish that this factor is dispositive in and of itself.

■ NJRC also argues that its February 1989 endorsement removing other states' coverage was not a cancellation or termination within the meaning of Section 653 of The Insurance Company Law of 1921. It is undisputed that the endorsement was intended to terminate other states' coverage, which included coverage under the Act, although NJRC insists in its brief that the endorsement was effected only after it learned in January 1989 that Employer conducted business in Pennsylvania. Such a unilateral termination, however, during the term of the policy is clearly prohibited by the plain language of Section 653. *Cf. Jarvis v. Workmens Compensation Appeal Board,* 497 Pa. 379, 441 A.2d 1189 (1981). Therefore, this Court cannot conclude that the Board erred in determining that NJRC's attempted termination of coverage was prohibited and was of no effect. The Court notes NJRC's reference to a New Jersey court decision which determined that NJRC's endorsement was proper and that Employer had no coverage after the endorsement was effected. NJRC does not discuss this argument further to explain how the New Jersey court reached this decision or what, if any, precedential value it has here, particularly when this Court has concluded that the Board did not err in applying Pennsylvania law.

NJRC contends that the WCJ's finding that it was Employer's insurer on the date of

Claimant's injury is inconsistent with the imposition of a 20 percent penalty on Employer, and subsequently NJRC as Employer's insurer, for failure to carry workers' compensation insurance coverage as required under the Act. It has long been established that no penalty may be imposed under Section 435(d)(i) of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §991(d)(i),[4] in the absence of a violation of the Act or rules or regulations of the Board or of the Department of Labor and Industry. *Glagola v. Workmen's Compensation Appeal Board,* 59 Pa.Cmwlth. 80, 428 A.2d 1016 (1981). The WCJ, on remand, imposed the penalty pursuant to the 1989 order. In the original 1989 claim petition proceedings, the WCJ concluded that Employer committed two violations of the Act: Employer failed to carry workers' compensation insurance in Pennsylvania, and Employer unreasonably delayed payment of compensation to Claimant. Thus, contrary to NJRC's argument, the 20 percent penalty was imposed on Employer for both of these violations under Section 435(d)(i).

■ The Court agrees that the WCJ's finding that NJRC was Employer's insurer on the date of Claimant's injury is in fact inconsistent with the finding in the original claim petition proceedings that Employer lacked insurance coverage. However, the record shows that Employer had still committed a violation of the Act by unreasonably delaying payment of compensation, and, therefore, the imposition of a penalty was permissible. *Frompovicz v. Workmen's Compensation Appeal Board (Palsgrove),* 164 Pa.Cmwlth. 307, 642 A.2d 638 (1994). Claimant suggests that NJRC's act of unilaterally terminating coverage for Pennsylvania

4. At the time that the 20 percent penalty was originally imposed, Section 435(d)(i), 77 P.S. § 991(d)(i), provided:

> Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

In 1996, this provision was amended by Section 18.1 of the Act of June 24, 1996, P.L. 350, commonly known as Act 57, to increase the penalty limit from 20 to 50 percent:

> Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

claims, which was prohibited under Section 653, supported the WCJ's reinstatement of the 20 percent penalty in part, but the decision of the WCJ does not make clear why he imposed the 20 percent penalty after finding that one of the violations relied on by the former WCJ was incorrect.

 The Court has held that the imposition of a penalty and the amount of the penalty are discretionary, and absent an abuse of discretion by the WCJ or the Board, a penalty will not be overturned on appeal. *Crucible, Inc. v. Workers' Compensation Appeal Board (Vinovich)*, 713 A.2d 749 (Pa. Cmwlth.1998). Nevertheless, the 20 percent penalty was imposed on Employer for its failure to carry insurance and for its failure to promptly pay benefits. Accordingly, under these circumstances it may be appropriate to modify the penalty, although that decision should be left in the first instance for the WCJ to decide on remand. *Department of Labor and Industry v. Workmen's Compensation Appeal Board (Taylor Lock Co.)*, 49 Pa.Cmwlth. 404, 410 A.2d 1325 (1980). Remand is appropriate when an agency's discussion is not detailed enough to permit the Court to review the basis upon which an issue was decided, and the Court is unable to conduct a meaningful review. *Greene Township Bd. of Supervisors v. Pennsylvania Public Utility Commission*, 164 Pa.Cmwlth. 88, 642 A.2d 541 (1994).

Accordingly, the Board's order is vacated as to the imposition of a 20 percent penalty, and the case is remanded for a determination of the appropriate penalty to be imposed consistent with this opinion. The Board's order is affirmed in all other respects.

### ORDER

AND NOW, this 22nd day of December, 1998, the order of the Workers' Compensation Appeal Board is hereby vacated as to the imposition of the 20 percent penalty, and the case is remanded for a determination of the appropriate penalty consistent with the foregoing opinion. The order is affirmed in all other respects.

Jurisdiction is relinquished.