IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Salvatore Guida, (Deceased)           :
by Denise Guida, as                   :
Personal Representative,              :
         Petitioner            :
                                 :
         v.                        :  No. 1498 C.D. 2016
                                 :  SUBMITTED:  January 13, 2017
Workers' Compensation Appeal         :
Board (ARO Properties                :
d/b/a Tiger Properties),             :
         Respondent            :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY             FILED:  April 19, 2017


      Salvatore Guida (Deceased) by Denise Guida, as Personal Representative, (Claimant)[1] petitions for review of the August 12, 2016, order of the Workers' Compensation Appeal Board (Board) which affirmed the November 24, 2015, decision and order of the workers' compensation judge (WCJ) granting

---

     [1] Salvatore Guida passed away on April 28, 2009.  Some of the petitions that will be referenced herein were filed by Mr. Guida, while others were filed by Denise Guida, as the personal representative of the Estate of Mr. Guida.  For ease of reference and to avoid confusion, we will refer to Claimant whether being the decedent or Denise Guida.

Claimant's first penalty petition and denying Claimant's remaining penalty petition.[2] We vacate and remand in part, and we affirm in part.

This case has a long and confusing history, much of which is not necessary to detail in order to resolve the two questions presented to this Court. On February 15, 2005, Claimant filed a Claim Petition alleging a work-related injury, and on August 17, 2006, WCJ Liebau granted Claimant's Claim Petition and awarded benefits. (WCJ's 11/24/15 Findings of Fact (F.F.) Nos. 1-2.) ARO Properties d/b/a Tiger Properties (Employer) appealed the WCJ's decision, and the Board denied supersedeas on September 25, 2006. (*See* WCJ's 11/24/15 F.F. No. 3.) On October 26, 2006, Claimant filed his first penalty petition (Penalty Petition #1) alleging that Employer refused to pay Claimant's compensation benefits, medical bills, attorneys' fees and litigation costs pursuant to the Board's September 25, 2006, order denying supersedeas. (WCJ's 11/24/15 F.F. No. 7.)

Subsequently, years of litigation have followed concerning various petitions filed by both parties, including multiple penalty petitions by Claimant (Penalty Petitions #2-5), and there were hearings, appeals and remands. Relevant here is the Board's order dated April 11, 2012, which remanded decisions rendered by WCJ DiLorenzo to WCJ Stokes. The decisions concerned various petitions filed by both parties, including Claimant's Claim Petition and Penalty Petitions #1-5. The Board's decision directed WCJ Stokes to, among other things, make

---

[2] The WCJ addressed a total of six penalty petitions. The WCJ denied the second penalty petition and concluded that payment was made on the third, fourth and fifth penalty petitions. (WCJ's 11/24/15 Conclusions of Law No. 4.) Thus, the remaining penalty petition was the sixth penalty petition.

specific findings and conclusions and issue a reasoned decision that allowed for adequate review by the Board and the Appellate Courts. (WCJ's 2/22/13 Decision at 1.) On October 5, 2012, which was after the Board's remand order but before WCJ Stokes rendered his decision and order on remand, Claimant filed a sixth penalty petition (Penalty Petition #6) alleging that, on September 5, 2012, this Court issued an order denying Employer's request for supersedeas. Claimant further alleged that Employer had not paid any additional monies as directed by this Court, and Claimant demanded payment of penalties, interest and attorneys' fees and an additional 50% penalty on all amounts due and unpaid. (WCJ's 11/14/15 F.F. No. 12; WCJ's 2/22/13 F.F. No. 17.)

On February 22, 2013, WCJ Stokes issued a decision and order which, among other things, granted Claimant's Claim Petition. The WCJ ordered that Claimant was entitled to compensation benefits at the rate of $432.90 per week from February 16, 2005, through April 28, 2009, with an additional 10% interest on delayed compensation benefits. The WCJ granted Penalty Petition #1 but stated that Employer provided evidence that it made full payment including the 50% penalty. Additionally, the WCJ denied Penalty Petition #6, finding that Employer had an adequate excuse for delaying payments. (WCJ's 2/22/13 Order, *see also* WCJ's 11/24/15 F.F. No. 13; WCJ's 2/22/13 F.F. No. 28 & Conclusions of Law (C.L.) Nos. 7-8.) Both parties appealed to the Board.

On January 6, 2015, the Board issued an order which, among other things, vacated that portion of the WCJ's February 23, 2013 decision and order concerning all of the penalty petitions and remanded the matter to the WCJ.

3

(Board's 1/6/15 Order; WCJ's 11/24/15 F.F. No. 14.) With respect to Penalty Petition #1, the Board stated that the WCJ's findings did not allow for adequate appellate review. Specifically, the Board could not discern how the WCJ's findings supported his conclusion that the amount owed for the penalty was paid, noting that the WCJ made no findings as to the amount of indemnity benefits Claimant was owed during the relevant period of time. (Board's 1/6/15 opinion (op.) at 16.) Accordingly, the Board stated it must remand the matter, and on remand, the WCJ shall make findings as to the time frame alleged in Penalty Petition #1, the amount of indemnity benefits owed during that period of time, and the calculations used to conclude that Employer paid the penalty owed. (Board's 1/6/15 op. at 16.) The Board's order directed the WCJ to address each penalty petition individually and further directed the WCJ to make new findings of fact regarding the allegations in each penalty petition, explain the evidence relied upon for those findings and make new conclusions of law, explaining how the findings support his conclusions. (Board's 1/6/15 Order; WCJ's 11/24/15 F.F. No. 14.)

On remand, the WCJ addressed each penalty petition. With respect to Penalty Petition #1, the WCJ concluded that it was granted on February 22, 2013, and that Employer provided evidence of full payment. With respect to Penalty Petition #6, the WCJ denied this petition based on his acceptance of Employer's adequate excuse for delaying payments, as set forth in his February 23, 2013 decision.[3] (WCJ's 11/24/15 C.L. Nos. 4a & 4f.)

---

[3] The WCJ denied Penalty Petition #2, and Claimant admits it is not at issue. (Claimant's brief at 15.) The WCJ found that payment was made on December 10, 2012, for penalties ordered pursuant to Penalty Petitions #4 and 5. (WCJ's 11/24/15 C.L. Nos. 4d-e.) Claimant admits to those payments, but states they were untimely, and does not challenge the WCJ's **(Footnote continued on next page…)**

Claimant appealed to the Board, which affirmed the WCJ's decision. Claimant now petitions this Court for review of the Board's order,[4] raising two issues for our review.

First, Claimant argues that the WCJ abused his discretion by concluding that Employer satisfied payment on Penalty Petition #1 because the record is devoid of any evidence supporting that conclusion. The WCJ found that Employer presented evidence showing that it issued a check on October 5, 2006, in the amount of $33,565.36 paying Claimant from February 15, 2005, to October 31, 2006, and a check in the amount of $14,067.59 paying Larry Pitt and Associates (Claimant's counsel) for attorneys' fees from February 15, 2005 to October 31, 2006. (WCJ's 11/24/15 F.F. No. 16; *see* WCJ's 2/22/13 C.L. No. 10.) Claimant contends that these payments were for compensation and statutory interest only and did not include payment of the 50% penalty.

We cannot discern from the WCJ's findings whether the payments made include the amount owed for the penalty relative to Penalty Petition #1. The

_____

**(continued…)**

decision in that regard. (Claimant's brief at 8, n.3.) Thus, Penalty Petitions #4 and 5 are not at issue here. With respect to Penalty Petition #3, Claimant alleged that Employer illegally stopped paying compensation benefits without an order permitting it to do so. (WCJ's 11/24/15 F.F. No. 9.) The WCJ concluded that Employer provided evidence of full payment including the 50% penalty, (WCJ's 11/24/15 C.L. No. 4c), and Claimant does not challenge the WCJ's decision in that regard.

[4] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated. *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037 (Pa. Cmwlth. 2011).

Board directed the WCJ on remand to make findings as to the time frame alleged in Penalty Petition #1, the amount of indemnity benefits owed during that period of time, and the calculations used to conclude that Employer paid the penalty owed. The WCJ, however, only set forth the amount of the checks, the period they covered, and to whom they were paid. We are perplexed how the Board could affirm the WCJ's decision and order when the decision lacked information that the Board itself instructed the WCJ to include; such was error. More importantly, without knowing the amounts owed, it is impossible for this Court to review this matter to determine whether the payments included the amount owed for the penalty. Accordingly, we must remand the matter to the Board to remand the matter to the WCJ with instructions to make new findings of fact and conclusions of law with respect to Penalty Petition #1.[5] The WCJ shall make findings as to the time frame involved, the amount of indemnity benefits owed, as well as interest owed, and the amount of the penalty owed; the WCJ shall set forth the calculations used to support these findings as well as the conclusion that Employer paid the penalty owed on those benefits.

Second and lastly, Claimant argues that the WCJ abused his discretion by accepting as adequate Employer's excuse for the delayed payment that was the subject of Penalty Petition #6. Claimant maintains that the excuse is a factual impossibility because the violation occurred before the events that gave rise to the excuse. In particular, the WCJ excused Employer's delayed payment based on

---

[5] *See Diversified Contracting Co. v. Workers' Compensation Appeal Board (Tarapacki)*, 721 A.2d 1159 (Pa. Cmwlth. 1998) (stating that remand is appropriate when an agency's decision is not detailed enough to permit the court to review the basis upon which an issue was decided, and the court is unable to conduct meaningful review).

Employer's representation that its insurer's systems went down for an extended period of time as a result of disruption caused by Hurricane Sandy. Claimant argues that this is a factual impossibility, because Claimant maintains that payment of benefits was mandated by this Court in its September 5, 2012, order[6] denying Employer's request for supersedeas, but that Hurricane Sandy did not arrive on the east coast of the United States until October 26, 2012, nor did it make landfall in New Jersey until October 29, 2012. Thus, Claimant contends that the violation occurred 55 days *before* the occurrence of the proffered excuse, and consequently, it cannot serve as the basis for the excuse.

A claimant who files a penalty petition must meet his initial burden of proving a violation of the Workers' Compensation Act (Act)[7] or attendant regulations. *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037 (Pa. Cmwlth. 2011). The burden then shifts to the employer to prove the violation did not occur. *Id.* However, even a violation of the Act does not, by itself, mandate the imposition of penalties. *Shaffer v. Workmen's Compensation Appeal Board (Avon Products, Inc.)*, 692 A.2d 1163, 1167 (Pa. Cmwlth. 1997). The decision to impose penalties as well as the amount of penalties is within the discretion of the WCJ. *Brutico v. Workers' Compensation Appeal Board (US Airways, Inc.)*, 866 A.2d 1152 (Pa. Cmwlth. 2004). A WCJ has the discretion to determine if extenuating circumstances justify

---

[6] Although the order was signed and dated September 5, 2012, it was not filed until September 6, 2012. Thus, the correct date of the order is September 6, 2012. (*See* Certified Record, Exhibit D-5, as referenced in WCJ's 2/23/13 Decision Rendered Cover Letter at 3.) Nevertheless, we will refer to it as September 5, 2012, solely to avoid confusion.

[7] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1 - 1041.4, 2501-2708.

7

the violation.[8] *Lakomy v. Workers' Compensation Appeal Board (Department of Environmental Resources and PIMCO)*, 720 A.2d 492 (Pa. Cmwlth. 1998).

Section 430(b) of the Act provides that an insurer or employer who refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas is subject to a penalty. 77 P.S. § 971(b). In *Snizaski v. Workers' Compensation Appeal Board (Rox Coal Company)*, 891 A.2d 1267, 1278 (Pa. 2006), our Supreme Court stated that "[p]enalties should be tied to some discernible and avoidable wrongful conduct." Our Supreme Court held that an employer who fails to pay a compensation award during the pendency of a timely filed supersedeas petition authorized under the Board's regulations is not subject to a penalty assessment. However, this is not a "safe harbor"; if supersedeas is denied, the employer risks the imposition of penalties for failure to pay timely. *Varghese v. Workers' Compensation Appeal Board (Ridge Crest Nursing Home)*, 899 A.2d 1176 (Pa. Cmwlth. 2006).

Here, Claimant focuses on the September 5, 2012 date while ignoring other facts found relevant by the WCJ relative to the alleged delayed payments. Specifically, the WCJ found that on September 6, 2012, the Board issued an order granting Employer's request for supersedeas. Additionally, on September 25, 2012, Employer filed an application for relief by this Court. On October 9, 2012,

---

[8] The extenuating circumstances must relate to the violation of the Act or corresponding rules and regulations or rules of procedure. *Lakomy v. Workers' Compensation Appeal Board (Department of Environmental Resources and PIMCO)*, 720 A.2d 492 (Pa. Cmwlth. 1998).

this Court denied Employer's application. (WCJ's 2/23/13 F.F. No. 28.) Claimant does not challenge any of these findings by the WCJ.

Additionally, the WCJ took judicial notice that on October 29, 2012, Hurricane Sandy caused disruption for Employer's insurer located in New York City, and accepted Employer's representation that the insurance systems went down for an extended period of time. The WCJ noted that on December 12, 2012, checks were issued to Claimant's estate and Claimant's attorney, and the WCJ concluded that these payments were made with regard to the penalty decisions based on this Court's denial of Employer's application for relief on October 9, 2012. (WCJ's 2/23/13 F.F. No. 28, C.L. No. 9.)

Given the timeline of events found to be relevant by the WCJ, and importantly, the WCJ's discretion concerning the imposition of penalties, we cannot say, as a matter of law, that the WCJ abused that discretion. *See Lakomy* (stating that a WCJ has discretion to determine if extenuating circumstances justify the violation). The lapse of time between this Court's denial of Employer's application for relief and the disruption to Employer's insurer's systems caused by Hurricane Sandy and subsequent payment is not so egregious as to enable this Court to conclude that the judgment exercised by the WCJ was manifestly unreasonable, or the result of partiality, bias or ill will, as shown by the evidence of record, nor can we conclude that any law was overridden or misapplied. Accordingly, we must affirm the WCJ's decision with respect to Penalty Petition #6.

_____
JULIA K. HEARTHWAY, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Salvatore Guida, (Deceased) :
by Denise Guida, as :
Personal Representative, :
          Petitioner :
  :
      v. : No. 1498 C.D. 2016
  :
Workers' Compensation Appeal :
Board (ARO Properties :
d/b/a Tiger Properties), :
          Respondent :

O R D E R

AND NOW, this 19th day of April, 2017, the order of the Workers' Compensation Appeal Board (Board) in the above-captioned matter is hereby vacated with respect to the first penalty petition and the matter is remanded to the Board to remand to the workers' compensation judge to issue additional findings of fact and conclusions of law in accordance with the foregoing opinion. The order of the Board is hereby affirmed with respect to the sixth penalty petition, filed October 5, 2012.

Jurisdiction relinquished.

_____
JULIA K. HEARTHWAY, Judge