**UNIVERSITY OF ILLINOIS FOUNDATION, Plaintiff-Appellant,**

v.

**BLONDER–TONGUE LABORATORIES, INC., Defendant-Appellee.**

No. 71–1879.

United States Court of Appeals, Seventh Circuit.

Argued May 16, 1972.

Decided July 25, 1972.

Certiorari Denied Dec. 11, 1972.
See 93 S.Ct. 559.

Charles J. Merriam, William A. Marshall, and Edward M. O'Toole, Chicago, Ill., for plaintiff-appellant; Merriam, Marshall, Shapiro & Klose, Chicago, Ill., of counsel.

Robert H. Rines, Boston, Mass., Richard S. Phillips, and James C. Wood, Chicago, Ill., for defendant-appellee; David Rines, Rines & Rines, Boston, Mass., Hofgren, Wegner, Allen, Stellman & McCord, Chicago, Ill., of counsel.

Before DUFFY and CASTLE, Senior Circuit Judges, and FAIRCHILD, Circuit Judge.

PER CURIAM.

This is an appeal from a judgment, on remand from the Supreme Court, that

plaintiff patent owner is estopped, by a prior adjudication of invalidity, from asserting the validity of its patent in this action. The decision of the district court is reported,[1] and sets forth the history of this litigation and the reasons, consistent with the decision of the Supreme Court,[2] for sustaining the defense of collateral estoppel.

We adopt the opinion of the district court, adding the following comments:

On oral argument on appeal, plaintiff stressed its claim that although the courts which decided *Winegard* [University of Illinois Foundation v. Winegard, 271 F. Supp. 412, aff'd 402 F.2d 125] purported to employ *Graham* [Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L. Ed.2d 545] standards in deciding the subject matter was obvious, they did so defectively. The defect was said to be reliance upon the proposition that the results achieved by Isbell, though unpredictable, were achieved by logical exploration within known principles. Review by the court which considers the plea of collateral estoppel of the reasoning of the court which made the prior adjudication would be inconsistent with the doctrine of collateral estoppel. There can be no question but that the *Winegard* courts did "grasp the technical subject matter and issues in suit." Even if those courts erred in the reasoning challenged by plaintiff, we are confident that such error would not be a defect of the magnitude contemplated by the Supreme Court as a reason why the court in the second action should deny the effect of estoppel to the earlier judgment.

Recent decisions of other courts are consistent with the decision of the district court in this case.[3]

The judgment appealed from is affirmed.

1. University of Ill. Found. v. Blonder-Tongue Lab., Inc., 334 F.Supp. 47 (N.D. Ill., 1971).

2. Blonder-Tongue v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971).

3. Bourns, Inc. et al. v. Allen Bradley Co., et al., No. 70 C 1992, N.D.Ill. (Feb. 7, 1972) ; Blumcraft of Pittsburgh v. Architectural Art Mfg., Inc., 337 F.Supp. 853 (D.Kansas, 1972).