**CENTRAL BANK DENVER, N.A., formerly Central Bank of Denver, Plaintiff-Appellant,**

v.

**MEHAFFY, RIDER, WINDHOLZ & WILSON, ATTORNEYS AT LAW, John R. Mehaffy, James A. Windholz, James A. Windholz, P.C., O'Connor and Hannan, Attorneys at Law, Arnold R. Kaplan, Defendants–Appellees.**

**No. 96CA0603.**

Colorado Court of Appeals, Div. IV.

June 12, 1997.

Berenbaum, Weinshienk & Eason, P.C., Richard L. Eason, Denver, John E. Bush, P.C., John E. Bush, Denver, for Plaintiff–Appellant.

Faegre & Benson LLP, Michael S. McCarthy, Russell O. Stewart, Denver, for Defendants–Appellees Mehaffy, Rider, Windholz &

Wilson, Attorneys at Law, and John R. Mehaffy.

Montgomery, Little, Young, Campbell & McGrew, Brian K. Stutheit, Englewood, for Defendants–Appellees James A. Windholz and James A. Windholz, P.C.

Holland & Hart, William C. McClearn, J. Kevin Bridston, Denver, for Defendants–Appellees O'Connor and Hannan, Attorneys at Law, and Arnold R. Kaplan.

Opinion by Judge DAVIDSON.

Plaintiff, Central Bank Denver, N.A. (the Bank), appeals from the judgment of the trial court dismissing its negligent misrepresentation claims against defendants, Mehaffy, Rider, Windholz & Wilson, John R. Mehaffy, James A. Windholz, James A. Windholz, P.C., O'Connor & Hannan, and Arnold R. Kaplan (attorney-defendants), as barred by the statute of limitations. We affirm.

The facts and procedural history of this case are set forth in *Mehaffy, Rider, Windholz & Wilson v. Central Bank Denver*, 892 P.2d 230 (Colo.1995) (*Mehaffy III* ).

Briefly, in 1983, the Town of Winter Park created the Winter Park Development Authority (Authority). The Authority developed an urban renewal plan (Downtown Plan), which, in 1984, was submitted to and approved by the voters of the Town, and was adopted by the Town Council. The Downtown Plan was to be funded by tax increment financing.

The East Grand County School District then filed suit, challenging the legality of the plan. While this lawsuit was pending, in order to finance the construction of a parking garage, the Authority issued $4 million in notes. These notes were twice refinanced in 1985, and both times the Bank purchased the new notes. In the final refinancing, the Bank paid $5,015,000 for "Series 1985" bonds. Each time, before purchasing the notes, the Bank sought and received assurance from attorney-defendants—in the form of opinion letters—that the pending lawsuit was without merit.

On March 11, 1986, the district court declared the Downtown Plan null and void. This decision was upheld in *East Grand County School District No. 2 v. Town of Winter Park*, 739 P.2d 862 (Colo.App.1987).

The Authority defaulted on the bonds, and, on July 26, 1989, the Bank filed suit against the Town of Winter Park, the Town Council of the Town of Winter Park, the Winter Park Development Authority (Winter Park entities), and attorney-defendants on a variety of claims.

Both the Winter Park entities and attorney-defendants filed motions for summary judgment on the claims against them. The trial court first granted the Winter Park entities' motion for summary judgment. The court determined that the Bank's claims for relief against the Winter Park entities accrued on March 11, 1986—the day of the district court's decision—and applied the three-year statute of limitations for fraud claims. *See* § 13–80–101(1)(c), C.R.S. (1987 Repl.Vol. 6A). Thus, the court held that the claims filed on July 26, 1989, including the negligent misrepresentation claims against the Winter Park entities, were barred by the statute of limitations. The Bank appealed, and this decision was affirmed by a division of this court in *Central Bank Denver, N.A. v. Town of Winter Park*, (Colo.App. No. 92CA1560, Dec. 16, 1993) (not selected for official publication) (*Mehaffy I* ). The Bank did not file a petition for rehearing or petition for certiorari to the supreme court.

The trial court also granted attorney-defendants' motion for summary judgment. However, the trial court did not rule on the statute of limitations issue, instead determining that the claim for negligent misrepresentation was not actionable against attorney-defendants because an attorney is not liable to a non-client absent fraud or malice. This determination was reversed on appeal in *Central Bank Denver v. Mehaffy, Rider, Windholz & Wilson*, 865 P.2d 862 (Colo.App. 1993) (*Mehaffy II* ). On certiorari review, in *Mehaffy III*, the supreme court affirmed, holding that a non-client could state a cause of action for negligent misrepresentation against an attorney, even in the absence of fraudulent or malicious conduct. The case was then remanded to the trial court for a determination whether the Bank could recov-

er, under the specific circumstances here, for negligent misrepresentation.

On remand, attorney-defendants argued that the Bank's negligent misrepresentation claims against them were barred by the statute of limitations and that relitigation of which statute of limitations applied was barred by the doctrines of law of the case and collateral estoppel. In response, the Bank argued that, in determining whether its claims for negligent misrepresentation were so barred, the trial court should apply the statute of limitations for negligence—which was, at the applicable time, six years—rather than the three-year statute of limitations for fraud that it had applied to the negligent misrepresentation claims against the Winter Park entities.

The trial court ruled that it had already been determined in *Mehaffy I* that the statute of limitations had run against the Bank's claim for negligent misrepresentation and that, therefore, relitigation of this issue was barred by both collateral estoppel and law of the case.

■ The Bank appeals from this judgment, contending that the trial court misapplied both doctrines. We conclude that the trial court's application of the doctrine of collateral estoppel to bar relitigation of the statute of limitations issue resolved against Bank in *Mehaffy I* is dispositive. In so concluding, we reject the Bank's argument that the requirements for the application of collateral estoppel have not been satisfied. We also reject the Bank's argument that, because an incorrect statute of limitations was applied in the *Mehaffy I* litigation, exceptions to collateral estoppel preclude its application here.

### A.

■ Collateral estoppel is directed to "issue preclusion." *Pomeroy v. Waitkus,* 183 Colo. 344, 517 P.2d 396 (1973). It bars relitigation of issues if (1) the issue is identical to an issue actually and necessarily adjudicated at a prior proceeding; (2) the party against whom estoppel is asserted is a party or in privity with a party in the prior proceeding; (3) there was a final judgment on the merits;

and (4) the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *City & County of Denver v. Block 173 Associates,* 814 P.2d 824 (Colo.1991).

The trial court found that all of these criteria had been met. The Bank's contentions to the contrary notwithstanding, we agree with the trial court.

■ First, collateral estoppel may be applied here even though the attorney-defendants were not parties to *Mehaffy I.* Mutuality is no longer required for collateral estoppel to apply, and a non-party to a judgment may invoke collateral estoppel to bar relitigation of an issue. *See Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Murphy v. Northern Colorado Grain Co.,* 30 Colo.App. 21, 488 P.2d 103 (1971). Collateral estoppel requires only that the party against whom collateral estoppel is asserted—here, the Bank—was a party in the initial proceedings. *See City & County of Denver v. Block 173 Associates, supra.*

■ Nor is collateral estoppel inapplicable because the claims against the Winter Park entities and attorney-defendants were originally part of the same case.

■ As a general rule, collateral estoppel has no applicability to prior rulings in the same pending case. *See S.O.V. v. People in Interest of M.C.,* 914 P.2d 355 (Colo.1996). However, although the Bank initially filed its claims against both the Winter Park entities and attorney-defendants, the Winter Park entities and attorney-defendants each filed separate motions for summary judgment, and the trial court issued separate rulings on each.

Thus, because the trial court certified its judgment against the Bank and in favor of the Winter Park entities as final pursuant to C.R.C.P. 54(b), the final judgment entered against the Bank is a prior proceeding that has preclusive effect here. *See 1B Moore's Federal Practice* ¶ 0.441[4] (2d ed.1996) ("if it is within the authority of a court to render a final judgment on some separable matter,

and it does, the judgment is no less conclusive because the matter was presented initially as part of a larger controversy"); *S.O.V. v. People in Interest of M.C., supra* (a court may apply collateral estoppel when a judgment has been made final and no pending issues remain).

And, we also disagree with the Bank's assertion that collateral estoppel is inapplicable because the statute of limitations issue is not identical to the one litigated in *Mehaffy I.*

■ If an issue—here, whether the statute of limitations had run on the Bank's negligent misrepresentation claims—has been determined in a former action, relitigation of that issue is barred, as are any issues that were necessary to the judgment as rendered. *See Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *Operating Engineers Pension Trust v. A–C Co.,* 859 F.2d 1336 (9th Cir.1988); 1B *Moore's Federal Practice* ¶ 0.443[4] (2d ed.1996); Restatement (Second) of Judgments § 28 comment b (1982).

Thus, to the extent the Bank argues that only the accrual date for the statute of limitations was contested in *Mehaffy I,* and that no issue was raised whether the six-year or three-year statute of limitations was to be applied, we disagree. The determination of which statute applied was essential to the court's determination that the statute of limitations had run.

Additionally, the Bank had a full and fair opportunity to argue that the six-year statute of limitations for negligence actions applied. The Bank's argument, however, assumed throughout that the three-year statute of limitations applied.

■ The Bank also asserts that the issue determined in *Mehaffy I* concerning the Winter Park defendants is not identical to the one here because, as to these defendants, it may posit that the statute of limitations should have been tolled because, even after the district court's decision in *East Grand County School District* was issued, the attorney-defendants continued to assert that the decision was wrong.

However, the record indicates that, although it had every opportunity to do so, the Bank did not argue this to the trial court. Thus, even if the contention were assumed to have merit, the bank is precluded from asserting it here. *See Garrett v. Arrowhead Improvement Ass'n,* 826 P.2d 850 (Colo.1992) (application of equitable tolling doctrine requires trial court to make certain factual determinations); *First National Bank v. Union Tavern Corp.,* 794 P.2d 261 (Colo.App. 1990) (an appellate court need not address an issue raised for the first time on appeal).

**B.**

■ In *Ebrahimi v. E.F. Hutton & Co.,* 794 P.2d 1015 (Colo.App.1989), a division of this court expressly determined that a claim for negligent misrepresentation was subject to the statute of limitations for negligence, not fraud. In *Mehaffy I,* however, as the Bank points out, the trial court determined the opposite—that a claim for negligent misrepresentation was subject to the statute of limitations for fraud, not negligence. Accordingly, the Bank contends that—and this appears to be the crux of its argument—notwithstanding that collateral estoppel otherwise applies, it should not be invoked to bar relitigation of the statute of limitations issue because that issue was incorrectly decided in *Mehaffy I.* We disagree.

**1.**

First, to the extent that the Bank argues that the *Mehaffy I* judgment was in error and the trial court simply should have refused to invoke collateral estoppel, we point out that the trial court did not have such unrestrained discretion to do so. This is because this case involves the nonmutual defensive use of collateral estoppel. It is defensive because a defendant (attorney-defendants) seeks to bind a plaintiff (the Bank) to a prior judgment (the decision in *Mehaffy I* ). It is nonmutual because attorney-defendants were not parties to the *Mehaffy I* decision.

■ A court's discretion to refuse to apply defensive nonmutual collateral estoppel is highly circumscribed. *See Montana v. United States, supra; see also Kairys v. Immigration & Naturalization Service,* 981 F.2d

937, 940 (7th Cir.1992), *cert. denied,* 507 U.S. 1024, 113 S.Ct. 1832, 123 L.Ed.2d 460 (1993) (except in its offensive nonmutual incarnation, collateral estoppel is not a discretionary doctrine "in the sense that the tribunal asked to apply it has a free-swinging, uncanalized discretion to apply it or not"); *Ackerman v. American Airlines, Inc.,* 924 F.Supp. 749, 753 (N.D.Tex.1995) (when the requirements of collateral estoppel have been met and plaintiffs had a full and fair opportunity to litigate the issue, "the application of defensive collateral estoppel is mandatory").

 In contrast, offensive nonmutual collateral estoppel occurs when a plaintiff seeks to foreclose a defendant from litigating an issue the defendant previously litigated unsuccessfully in another action against another party. *See United States v. Mendoza,* 464 U.S. 154, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984). When the doctrine of collateral estoppel was expanded to include offensive collateral estoppel, its application was made discretionary with the trial court because it does not promote judicial economy in the same way as defensive nonmutual collateral estoppel and because it often will be unfair to defendants. *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (application of offensive nonmutual collateral estoppel is subject to an overriding fairness determination by the trial court).

 Furthermore, the doctrine of collateral estoppel is designed to save judicial time and resources and relieve the burden on litigants of having to litigate claims more than once. *Parklane Hosiery Co. v. Shore, supra.* Thus, courts generally do not examine the reasoning of the court that decided the issue initially. *See University of Illinois Foundation v. Blonder–Tongue Laboratories Inc.,* 465 F.2d 380 (7th Cir.1972), *cert. denied,* 409 U.S. 1061, 93 S.Ct. 559, 34 L.Ed.2d 513 (1972); *see also* 1B *Moore's Federal Practice* ¶ 0.441[2] (2d ed.1996) ("the fact that the prior judgment was simply incorrect does not affect its conclusiveness"); 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4465 (1981) ("preclusion cannot be defeated simply by arguing that the prior judgment was wrong").

Certainly, this is true when, as here, the party against whom collateral estoppel is to be applied has had a full and fair opportunity to litigate the issue. *See University of Illinois Foundation v. Blonder–Tongue Laboratories Inc., supra.* Here, as discussed, in *Mehaffy I,* the Bank not only had the opportunity to argue the application of the six-year statute of limitations for negligence actions, but also, in fact, agreed throughout that the three-year statute of limitations for fraud should be applied.

### 2.

Under Restatement (Second) of Judgments § 28(2)(b) (1982), there is an exception to the doctrine of collateral estoppel when:

> the issue is one of law and a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise avoid inequitable administration of the laws.

 The Bank does not contend that there has been an intervening change in the law. Instead, it contends that the phrase "or otherwise avoid inequitable administration of the laws" creates an equitable exception to collateral estoppel that includes circumstances, as are alleged here, when the underlying judgment on which preclusion is to be based is simply wrong.

However, even if we assume the court in *Mehaffy I* applied the incorrect statute of limitations and this issue is purely legal, we disagree with the Bank that the trial court's decision to foreclose relitigation of the statute of limitations implicates this exception.

Restatement § 28(2)(b) is usually invoked to avoid the inequity that arises when there has been an intervening change in the law and when, if collateral estoppel were to be applied, parties to a prior adjudication would be subject to different law than would all others. *See* Restatement (Second) of Judgments § 28(2) comment c (the exception may be applied when the rule of issue preclusion would impose on one of the parties a significant disadvantage, or confer on him or her a significant benefit, with respect to his or her competitors); *O'Leary v. Liberty Mutual Insurance Co.,* 923 F.2d 1062, 1069 (3d Cir.

1991) (exception applies when collateral estoppel would "give one person a favored position in the current administration of a law"); *Rutherford v. State*, 188 Cal.App.3d 1267, 233 Cal.Rptr. 781 (1987) (court justified in applying exception to collateral estoppel because not to do so would allow defendant to be subject to prior law, while others similarly situated would be subject to new law).

Thus, this exception is applied most often in the regulatory context to allow changes in the law to be applied to those who were subject to judgments under the prior law and to provide for the uniform administration of the current law. *See O'Leary v. Liberty Mutual Insurance Co.*, *supra* (worker compensation laws); *Rutherford v. State*, *supra* (environmental laws); *Irby Construction Co. v. Arizona Department of Revenue*, 184 Ariz. 105, 907 P.2d 74 (Ariz.App.1995) (tax laws); *see also* Restatement (Second) of Judgments § 28(2) comment c (1982) ("In this connection it can be particularly significant that one of the parties is a governmental agency responsible for continuing administration of a body of law that affects members of the public generally, as in the case of tax law.").

On rare occasion, when there has not been an intervening change in the law, courts have invoked the "inequitable administration of the laws" language of Restatement § 28(2)(b) to allow the relitigation of an issue, but only when there would be an obvious and important impact on the rights of third parties. *See Burlington Northern R.R. Co. v. Hyundai Merchant Marine Co.*, 63 F.3d 1227, 1235 (3d Cir.1995) ("This exception is of particular importance in constitutional adjudication. Unreflecting invocation of collateral estoppel ... could freeze doctrine in areas of the law where responsiveness to changing patterns of conduct or social mores is critical."); *Mitchell v. Randall*, 368 Pa.Super. 421, 534 A.2d 508 (1987) (in paternity case, the court determined that relitigation of paternity issue was necessary because of the importance of accuracy of the determination to the child and others).

Here, however, the application of collateral estoppel to bar relitigation of the Bank's claims does not result in the Bank being treated differently from any of its competitors, nor does it involve an ongoing regulatory scheme. Nor, significantly, are there any third parties whose rights will be affected either by the unpublished *Mehaffy I* decision itself, *see* C.A.R. 35(f), or by the invocation of collateral estoppel to bar relitigation of the issues determined in *Mehaffy I*.

Moreover, even under the Bank's inaccurate characterization of the exception, application of collateral estoppel is not inequitable.

 As discussed, when a party has a full and fair opportunity to litigate an issue, the mere fact that the judgment was incorrect does not affect its conclusiveness. Under such circumstances, it is not unfair to apply collateral estoppel simply because the prior judgment may be wrong.

Additionally, the Bank was fully aware that its claim for negligent misrepresentation against the attorney-defendants would be subject to the same statute of limitations as its claim for negligent misrepresentation against the Winter Park entities. Yet the Bank did not argue the applicability of the six-year statute of limitations and did not seek certiorari review of the *Mehaffy I* decision. Under these circumstances, it is not, in any sense, inequitable to bind the Bank to the determination in *Mehaffy I*. *See Burlington Northern R.R. Co. v. Hyundai Merchant Marine Co.*, *supra* (during one action, when a party is aware of pending litigation with another party in another action involving the same issues and has a full and fair opportunity to litigate in the first instance, it would not constitute the "inequitable administration of the laws" to hold it to the determination in the first action).

### C.

Under Restatement (Second) of Judgments § 29(4) (1982), before collateral estoppel is applied, consideration may be given to whether: "[t]he determination relied upon as preclusive was itself inconsistent with another determination of the same issue." To the extent that Bank argues that, because the decisions in *Ebrahimi v. E.F. Hutton & Co.*, *supra*, and *Mehaffy I* conflict, *Ebrahimi* is a "prior inconsistent judgment"

for the purpose of Restatement § 29(4), we again disagree.

A court may refuse to apply collateral estoppel when there are prior inconsistent judgments against the same party. *See Western Group Nurseries, Inc. v. Pomeranz,* 867 P.2d 12 (Colo.App.1993) (when two courts of competent jurisdiction had issued conflicting judgments against defendant on an issue, court was under no obligation to preclude relitigation based on the determination made by one of the courts).

However, here, because one of the prior judgments involves a case in a different context and with different parties, that case is not a prior inconsistent judgment. Accordingly, the exception to collateral estoppel in Restatement § 29(4) does not apply. *See Ackerman v. American Airlines, Inc., supra.*

Our resolution of the case on these grounds makes it unnecessary to address the other issues raised by the parties.

The judgment is affirmed.

HUME and ROTHENBERG, JJ., concur.