**M & M MANAGEMENT COMPANY and National Union Fire Insurance Company, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE of the STATE of Colorado and Paul Antonow, Colorado Disabled American Veterans Dept. of Colorado, Steve Maier, Maier Painting Maintenance, and Colorado Compensation Insurance Authority Respondents.**

**No. 98CA0370.**

Colorado Court of Appeals, Div. A.

Dec. 10, 1998.

Rehearing Denied Jan. 14, 1999.

Clifton, Hook & Bovarnick, P.C., Richard A. Bovarnick, Harvey D. Flewelling, Denver, Colorado, for Petitioners

Pelz & Associates, P.C., Christopher B. Dominick, Denver, Colorado, for Respondent Paul Antonow

Curt Kriksciun, Denver, Colorado, for Respondent Colorado Compensation Insurance Authority

Opinion by Chief Judge HUME.

M & M Management, Inc., and its insurer, National Union Fire Insurance of Pittsburgh, (collectively management company) petition for review of a final order of the Industrial Claim Appeals Office (Panel) requiring the management company to pay temporary total disability (TTD) benefits to Paul Antonow (claimant). We affirm.

Claimant sought workers' compensation benefits for injuries he received while painting the exterior of a Colorado Disabled American Veterans thrift store (thrift store) which was managed by the management company. He initially filed a claim against his actual employer, Steve Maier/Maier Painting and Maintenance (subcontractor).

Although the first Administrative Law Judge (ALJ) ordered the subcontractor to pay benefits, he also held that: "[C]laimant has failed to prove that [the subcontractor] was uninsured for workers' compensation liability since no evidence was introduced on the issue. Claimant is not entitled to a 50% increase in compensation [under § 8-43-408(1), C.R.S.1998] at this point."

Claimant subsequently filed an amended claim for compensation, alleging that since the management company had hired the subcontractor to paint the thrift store, it was liable as a statutory employer. The management company filed a motion to dismiss, arguing that claimant was collaterally estopped from pursuing a statutory employer claim. The management company noted that the first ALJ determined that claimant had failed to prove that the subcontractor was uninsured for workers' compensation. Thus, it argued that the statutory employer claim was defeated because a statutory employer may not be held liable if the subcontractor had such insurance.

A second ALJ denied the motion to dismiss. A third ALJ heard the amended claim, and concluded that the management company was liable for claimant's injuries as the statutory employer. In support, it found that claimant was working directly for the subcontractor, who had no workers' compensation insurance at the time of the injury. The ALJ also found that the thrift store was managed by the management company, which in turn hired the subcontractor to paint the store's exterior. The second ALJ ordered the management company to pay claimant TTD benefits, and the Panel affirmed the orders underlying this decision.

### I.

█ The management company contends that collateral estoppel bars claimant from relitigating the issue of whether the subcontractor was insured, and because claimant failed to prove in the first proceeding that the subcontractor was uninsured, that finding was binding in the second proceeding. Therefore, the management company argues that it could not be held liable as claimant's statutory employer. We disagree.

█ Collateral estoppel is directed to issue preclusion. *Central Bank Denver, N.A. v. Mehaffy, Rider, Windholz & Wilson*, 940 P.2d 1097 (Colo.App.1997). It bars relitigation of an issue determined in a prior proceeding if the issue in the later proceeding is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; the party against whom estoppel is asserted has been a party to or was in privity with a party to the prior proceeding; there was a final judgment on the merits in the prior proceeding; and the party against whom estoppel is asserted has had a full and fair opportunity to litigate the issue in the prior proceeding. *Michaelson v. Michaelson*, 884 P.2d 695 (Colo.1994); *In re Marriage of Mallon*, 956 P.2d 642 (Colo.App. 1998).

This case involves the nonmutual defensive use of collateral estoppel. It is defensive because a respondent (the management company) seeks to bind a claimant to a prior judgment (the first ALJ's decision denying penalties). It is nonmutual because the management company was not a party at the time the decision on penalties was issued. And, if the elements of collateral estoppel are established, the ALJ must apply nonmutual defensive collateral estoppel. *See Central Bank Denver, N.A. v. Mehaffy, Rider, Windholz & Wilson, supra.*

In denying the motion to dismiss, the second ALJ found that collateral estoppel did not apply because the *legal* issues were not the same in the two proceedings. She found that the issue in the first proceeding was the applicability of penalties, whereas the issue in the second proceeding was whether the management company was a statutory employer. The Panel disagreed with this analysis, finding that the underlying *factual* issue—whether the subcontractor had workers' compensation insurance— was the same in both proceedings. Nevertheless, the Panel affirmed because it found that the first ALJ's order was not a final judgment, which is another element necessary for application of collateral estoppel.

We agree that the underlying factual issue was the same in both proceedings. *Compare*

§ 8–43–408(1) (50% penalty shall be imposed when employer fails to insure) *with* § 8–41–401(2), C.R.S.1998 (if the actual employer maintains workers' compensation insurance, the claimant has no right of action against an alleged statutory employer). And, issue preclusion may apply to both legal and factual issues. *Carpenter v. Young*, 773 P.2d 561 (Colo.1989); Restatement (Second) of Judgments § 27 (1982) (when an issue of *fact or law* is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties).

Thus, we conclude that the Panel correctly determined that denial of the application of collateral estoppel could not be predicated on a finding of lack of identity of issues. *See Rue v. K–Mart Corp.*, 713 A.2d 82 (Pa.1998)("identity of issues" test is satisfied where the factual issue is the same, even though the legal issue differs; however, collateral estoppel held inapplicable for other reasons). *But cf. Tarapacki v. Workmen's Compensation Appeal Board*, 163 Pa. Cmwlth. 390, 641 A.2d 639 (1994)(referee found employer did not have insurance, and awarded claimant workers' compensation benefits and a 20% penalty because of employer's lack of insurance; employer did not appeal; collateral estoppel did not bar claimant's later attempt to prove that employer was insured, because issue in subsequent proceeding was different).

The Panel also correctly determined that there was another basis for denying application of collateral estoppel. We agree that the first ALJ's order was not a final judgment on the merits.

Here, the first ALJ's order provided that claimant was not entitled to a penalty "at this point," thereby suggesting that the order was interlocutory. Although the denial of a penalty is a final order, as the management company argues, *see* § 8–43–301(2), C.R.S. 1998, this particular order did not deny a penalty altogether. It merely denied a penalty at that time, and left open the possibility of further litigation of the issue.

■ A judgment based on any preliminary grounds is not on the merits. *Saunders v.*

*Bankston*, 31 Colo.App. 551, 506 P.2d 1253 (1972). Thus, we conclude that the first ALJ's order was not a final judgment on the merits and decline to give it preclusive effect. Consequently, the Panel did not err in concluding that claimant could litigate the coverage issue in conjunction with his claim against the management company.

## II.

■ The management company's other contention is that the order holding it liable as claimant's statutory employer is not supported by the evidence or law. Again, we disagree.

Under § 8–41–401(1)(a), C.R.S.1998, a company which contracts out part or all of its work to any subcontractor is the statutory employer of the subcontractor and the subcontractor's employees. One purpose of the statute is to prevent employers from avoiding responsibility under the workers' compensation act by contracting out their regular work to uninsured independent contractors rather than hiring the worker directly. *Winer's Pumping Units v. Emerald Gas Operating Co.*, 936 P.2d 627 (Colo.App.1997).

■ Statutory employer status is found when a contractor has subcontracted out its "regular business." The "regular business" test is satisfied if the contracted services are part of the employer's regular business as defined by its "total business operation," considering elements of routineness, regularity, and the importance of the contracted services to the contractor's business operations. *Finlay v. Storage Technology Corp.*, 764 P.2d 62 (Colo.1988).

We perceive no basis for the management company's assertion that the ALJ failed to analyze the *Finlay* factors. Furthermore, we agree with and adopt as our own the Panel's order insofar as it concludes that substantial evidence supports the finding that the management company was claimant's statutory employer.

The record contains substantial evidence which, taken together with reasonable inferences derived therefrom, supports the ALJ's finding that the management company was

claimant's statutory employer. *See Sears v. Penrose Hospital,* 942 P.2d 1345 (Colo.App. 1997)(ALJ's factual determinations must be upheld if supported by substantial evidence and the plausible inferences drawn therefrom).

The order of the Panel is affirmed.

Judge NEY and Judge STERNBERG* concur.